UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

CZESLAW ZALEWSKI,

                                 Plaintiffs,

                - against -

THE CITY OF NEW YORK, POLICE OFFICER PETER
JOHN SANTIAGO, SERGEANT TERENCE
O'DONOHOE, CAPTAIN KOMAR, AND POLICE
OFFICER "JOHN AND JANE DOES 1-15,

                                   Defendants.
-------------------------------------------------------------------------x

**PROPOSED JOINT
PRETRIAL ORDER**

13 CV 7015 (ARR) (PK)

        The parties in the above-captioned action, having conferred among themselves,

through counsel, hereby submit the following proposed Joint Pretrial Order, pursuant to the

Individual Rules of the Honorable Allyne R. Ross:

    **1.**    **Caption:**

        The full caption of the action is set forth above.  The parties have listed only the
remaining Defendants, *i.e.* City of New York, Police Officer Peter John Santiago, Sergeant
O'Donohoe, and Captain Komar.  Police Officer Viodelys Brathwaite, Sergeant Brian Barra, and
Sergeant Garafalo have been dismissed from this action.

    **2.**    **Parties and Counsel:**

        <u>Counsel for Plaintiff:</u>

        Kathy A. Polias
        Attorney-at-Law
        68 Jay Street, Suite 201
        Brooklyn, NY 11201
        Tel. No.:  718-514-2062
        Fax No.:  718-795-1620
        E-mail:  kathypoliasesq@gmail.com

Counsel for Defendants:

Zachary W. Carter
*Corporation Counsel of the City of New York*
100 Church Street, Third Floor
New York, New York 10007
by:  John L. Garcia (and a second attorney to be added closer to trial)
Tel: (212) 356-5053
Fax: (212) 356-1148
Email: johgarci@law.nyc.gov

3.    **Jurisdiction:**

Plaintiff's Statement:

Jurisdiction is specifically conferred upon this Court by 42 U.S.C. Sec. 1983. This Court has pendent and supplemental jurisdiction over Plaintiff's common law claims, as the facts that form the basis of the common laws are substantially similar to the facts that form the basis of the federal law claims.

Defendants' Statement:

Defendants do not contest subject matter jurisdiction.

4.    **Jury or Bench Trial:**

This case is to be tried by a jury and the parties estimate that the trial will last four to five days.

5.    **Consent to Trial by a Magistrate Judge:**

The parties do not consent to a trial by a Magistrate Judge.

6.    **Trial Memorandum:**

Plaintiff's Memorandum:

I.    **Claims to Be Tried by Plaintiff Czeslaw Zalewski**

Plaintiff Czeslaw Zalewski will try the following claims, which either survived summary judgment or were not voluntarily withdrawn by Plaintiff:

(1)    Arrest and imprisonment without probable or reasonable cause, while acting under color of State Law, in violation of 42 U.S.C. 1983 and the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution (First Cause of Action in the Amended Complaint) - against Defendant Sergeant Terence O'Donohoe and Defendant Captain Komar.

2

(2)     False arrest and imprisonment in violation of common law (Third Cause of Action and Fourteenth Cause of Action in the Amended Complaint) - against Defendant Sergeant Terence O'Donohoe, Defendant Captain Komar, and the City of New York.

(3)     The use, authorization of, and/or failure to intervene in excessive use of force, in violation of 42 U.S.C. Sec. 1983 and the Fourth and Fourteenth Amendments (Fifth Cause of Action) - against Defendants Police Officer Peter John Santiago, Sergeant Terence O'Donohoe, and Captain Komar.

(4)     The use, authorization of, and/or failure to intervene in assault and battery, in violation of common law (Seventh Cause of Action and Fourteenth Cause of Action) - against Defendants Police Officer Peter John Santiago, Sergeant Terence O'Donohoe, Captain Komar, and the City of New York.

(5)     Retaliation against Plaintiff for exercising his freedom of speech by keeping Plaintiff imprisoned for almost 89 hours, in violation of 42 U.S.C. Sec. 1983 and the First and Fourteenth Causes of Action (Ninth Cause of Action) - against Defendants Sergeant Terence O'Donohoe and Captain Komar.

(6)     Retaliation against Plaintiff for exercising his freedom of speech by using, authorizing the use of, and/or failing to intervene in the excessive use of force against Plaintiff (Eleventh Cause of Action) - against Defendants Sergeant Terence O'Donohoe and Captain Komar.

## II.     <u>Substantive Law Governing the Claims to be Tried by Plaintiff</u>

(1)     <u>Substantive Law Governing the First Cause of Action Against Santiago, O'Donohoe, and Komar (Section 1983 False Arrest and Imprisonment)</u>

Plaintiff alleges that Defendant Police Officer Santiago arrested and imprisoned him without probable or reasonable cause (*see Amended Complaints, para. 9-12*) and that Defendants Sergeant Terence O'Donohoe and Captain Komar lengthened the term of imprisonment and delayed Plaintiff's arraignment without probable or reasonable cause *(see Amended Complaint, para. 14-23*), all in violation of Section 1983 and the Fourth, Fifth, and Fourteenth Amendments.

The substantive law governing Plaintiff's Section 1983 false arrest and imprisonment claims against Defendants Santiago, O'Donohoe, and Komar is as follows.

The elements of a claim of false arrest under § 1983 "are substantially the same as the elements of a false arrest claim under New York law." <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 118 (2d Cir. 1995). Under New York, those elements are: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Id*.

"The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under §

1983." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) [*quoting* Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)]. "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant, 101 F.3d at 852.

A police officer's actions that lengthen the confinement or detention or delay the arraignment can be held liable under Section 1983 for false imprisonment. *See* Zalewski v. City of New York, 13-CV-7015 (ARR) (PK), 2018 U.S. Dist. LEXIS 179833, *27, 2018 WL 5113137 (E.D.N.Y. Oct. 19, 2018) [*citing* Sorensen v. City of New York, No. 98 Civ. 3356 (HR), 2003 U.S. Dist. LEXIS 962, 2003 WL 169775, at *4 (S.D.N.Y. Jan. 23, 2003), *aff'd in part, appeal dismissed in part, 41*3 F.3d 292 (2d Cir. 2005).

    (2)    Substantive Law Governing the Third Cause of Action Against Santiago, O'Donohoe, and Komar (Common Law False Arrest and Imprisonment)

Plaintiff alleges that Defendant Police Officer Santiago arrested and imprisoned him without probable or reasonable cause (*see Amended Complaints, para. 9-12*) and that Defendants Sergeant Terence O'Donohoe and Captain Komar lengthened the term of imprisonment and delayed Plaintiff's arraignment without probable or reasonable cause (*see Amended Complaint, para. 14-23*), all in violation of common law.

The substantive law governing Plaintiff's common law false arrest and imprisonment claims against Defendants Santiago, O'Donohoe, and Komar is the same as the substantive law governing Plaintiff's Section 1983 false arrest and imprisonment claims against these defendants.

    (3)    Substantive Law Governing the Fifth Cause of Action against Santiago, O'Donohoe, and Komar (Section 1983 Excessive Use of Force)

Plaintiff alleges that Defendant Police Officer Peter John Santiago used excessive force against him at the scene of the arrest and in the course of the arrest (*see Amended Complaint, para. 9 and 10*), Defendant Sergeant Terence O'Donohoe used excessive force against him, as well as authorized and failed to intervene in other officers' use of excessive force against Plaintiff, at the 94th Precinct after he was arrested but before he was arraigned (*see Amended Complaint, para. 14*), and Defendant Captain Komar authorized and failed to intervene in the excessive use of force against Plaintiff at the 94th Precinct after he was arrested but before he was arraigned (*see Amended Complaint, para. 19*), all in violation of Section 1983 and the Fourth and Fourteenth Amendments.

The substantive law governing Plaintiff's Section 1983 excessive use of force claim against Defendant Police Officer Santiago is as follows.

"The Fourth Amendment prohibits the use of unreasonable and therefore excessive force by a police officer in the course of effecting an arrest." Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010). In analyzing Fourth Amendment excessive force claims brought under Section 1983, courts must consider whether the force used was "objectively reasonable" as "judged from the

perspective of a reasonable officer on the scene." Graham v. Connor, 490 U.S. 386, 388, 396-97, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). *See also*, Tracy, 623 F.3d at 96. The "objective reasonableness" inquiry is "necessarily case and fact specific and requires balancing the nature and quality of the intrusion on the plaintiff's Fourth Amendment interests against the countervailing governmental interests at stake." Tracy, 623 F.3d at 96. The inquiry considers at least the following three factors: "(1) the nature and severity of the crime leading to the arrest, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Id.*

The substantive law governing Plaintiff's Section 1983 excessive use of force claim against Defendant Sergeant Terence O'Donohoe for his use of excessive force against Plaintiff in the 94th Precinct after he was arrested but before he was arraigned is as follows.

Section 1983 claims that law enforcement used excessive force during a pre-arraignment seizure are analyzed under the Fourth Amendment and its standard of objective reasonableness just as claims that law enforcement used excessive force in the course of an arrest. *See* De Campoamor v. Horodecki, No. 95-2430, 1997 U.S. App. LEXIS 17432, at *4 (2d Cir. July 9, 1997); Powell v. Gardner, 891 F.2d 1039, 1044 (2d Cir. 1989).

The substantive law governing Plaintiff's Section 1983 excessive use of force claims against Defendants Sergeant Terence O'Donohoe for their authorization of and failure to intervene in other officers' excessive use of force against Plaintiff is as follows.

"Police officers are under a duty to intercede and prevent fellow officers from subjecting a citizen to excessive force, and may be held liable for their failure to do so if they observe the use of force and have sufficient time to act to prevent it." Douglas v. City of New York, 730 Fed. App'x 12, 17 (2d Cir. 2018) [*citing* O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988)].

(4)   Substantive Law Governing the Seventh Cause of Action Against Santiago, O'Donohoe, and Komar (Common Law Assault and Battery)

Plaintiff alleges that Defendant Police Officer Peter John Santiago assaulted and battered him at the scene of the arrest and in the course of the arrest *(see Amended Complaint, para. 9 and 10)*, Defendant Sergeant Terence O'Donohoe assaulted and battered him, as well as authorized and failed to intervene in other officers' assault and battery of him, at the 94th Precinct after he was arrested but before he was arraigned *(see Amended Complaint, para. 14)*, and Defendant Captain Komar authorized and failed to intervene in other officers' assault and battery of Plaintiff at the 94th Precinct after he was arrested but before he was arraigned *(see Amended Complaint, para. 19)*.

The substantive law governing the Seventh Cause of Action is as follows.

Claims against law enforcement of assault and battery under New York law are analyzed under the same standard as claims against law enforcement of excessive use of force under the Fourth Amendment. *See* Glowczenski v. Taser Int'l, Inc., 928 F. Supp. 2d 564, 587 (E.D.N.Y.

2013); Biggs v. City of New York, 08 Civ. 8123, 2010 U.S. Dist. LEXIS 121332, 2010 WL 4628360, at *8 (S.D.N.Y. Nov. 16, 2010); Johnson v. City of New York, 05 CIV. 7519, 2008 U.S. Dist. LEXIS 78984, 2008 WL 4450270, at *12 (S.D.N.Y. Sept. 29, 2008).

> (5)  Substantive Law Governing the Ninth and Eleventh Causes of Action Against O'Donohoe and Komar (Section 1983 Retaliation for Exercising Freedom of Speech)

Plaintiff claims that:  Defendants Sergeant Terence O'Donohoe and Captain Komar retaliated against Plaintiff for exercising his freedom of speech by keeping Plaintiff imprisoned for almost 89 hours, in violation of 42 U.S.C. Sec. 1983 and First and Fourteenth Causes of Action (Ninth Cause of Action); and that these Defendants also retaliated against him for exercising his freedom of speech by using, authorizing the use of, or failing to intervene in the excessive use of force against Plaintiff (Eleventh Cause of Action).

These claims are governed by the following substantive law.

To make out a First Amendment retaliation claim, a plaintiff must show that "(1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by [his] exercise of that right; and (3) the defendant's actions caused [him] some injury." Dorsett v. Cnty. of Nassau, 732 F.3d 157, 160 (2d Cir. 2013).

## III.  **Claims Previously Asserted by Plaintiff That Will Not Be Tried**

The following claims previously asserted by Plaintiff in the Amended Complaint will not be tried either because they were dismissed on summary judgment or they were voluntarily withdrawn by Plaintiff.

> (1)  Section 1983 false and imprisonment claim against Defendants Police Officer Viodelys Brathwaite, Sergeant Therese Garafalo, and Sergeant Brian Barra (part and parcel of First Cause of Action).

> (2)  Section 1983 conspiracy to falsely arrest and imprison claim against all named Defendants (Second Cause of Action).

> (3)  Common law false arrest and imprisonment claim against  Defendants Police Officer Viodelys Brathwaite, Sergeant Therese Garafalo, and Sergeant Brian Barra (part and parcel of Third Cause of Action).

> (4)  Common law conspiracy to falsely arrest and imprison claim against all named Defendants (Fourth Cause of Action).

> (5)  Section 1983 excessive use of force claim against Brathwaite and Garafalo (part and parcel of Fifth Cause of Action).

> (6)  Section 1983 conspiracy to use excessive force against all named Defendants

(Sixth Cause of Action).

(7)     Common law assault and battery claim against Defendants Brathwaite and Garafalo (part and parcel of Seventh Cause of Action).

(8)     Common law conspiracy to assault and battery against all named Defendants (Eighth Cause of Action).

(9)     Section 1983 retaliation claims against Garafalo (Ninth and Eleventh Causes of Action).

(10)    Section 1983 conspiracy to retaliate claims against all named Defendants (Tenth and Twelfth Causes of Action).

(11)    *Monell* claim against City of New York (Thirteenth Cause of Action).

As a result of the above, Barra, Brathwaite, and Garafalo are no longer Defendants in this action.

<u>Defendants' Trial Memorandum:</u>

The claims that were previously asserted, <u>but not to be tried</u>, are as follows: (1) conspiracy to falsely arrest Plaintiff under federal law (*i.e.* the Amended Complaint's Second Cause of Action); (2) conspiracy to falsely arrest Plaintiff under New York state common law (*i.e.* the Amended Complaint's Fourth Cause of Action); (3) conspiracy to use or fail to stop the use of excessive force against Plaintiff (*i.e.* the Amended Complaint's Sixth Cause of Action); (4) conspiracy to commit assault and battery against Plaintiff (*i.e.* the Amended Complaint's Eighth Cause of Action); (5) conspiracy to commit First Amendment Retaliation against Plaintiff through excessive detention (*i.e.* the Amended Complaint's Tenth Cause of Action); (6) conspiracy to commit First Amendment Retaliation against Plaintiff through the use of excessive force (*i.e.* the Amended Complaint's Twelfth Cause of Action); (7) municipal liability claim (*i.e.* the Amended Complaint's Thirteenth Cause of Action); (8) false arrest claims under federal and state law against Officer Brathwaite, Sgt. Barra, and Sgt. Garafalo; (9) excessive force claims under federal law, and assault and battery claims under state law, against Officer Braithwaite and Sgt. Garafalo; and (10) First Amendment Retaliation claims against Sgt. Garafalo.

Defendants' defenses are as follows: **(1)** there was probable cause to arrest and detain Plaintiff. <u>E.g.</u> <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 118 (2d Cir. 1995); <u>Boyd v. City of New York</u>, 336 F.3d 72, 75 (2d Cir. 2003). **(2)** The force used to arrest Plaintiff was reasonable, necessary, and justified under the totality of the circumstances and excessive force was not used against Plaintiff while he was in NYPD custody. See <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989); <u>Saucier v. Katz</u>, 533 U.S. 194, 208 (2001). **(3)** Plaintiff's exercise of his First Amendment rights was not the substantial motivating factor behind Sgt. O'Donohoe's and Captain Komar's actions. See <u>Dorsett v. County Of Nassau</u>, 732 F.3d 157, 160 (2d Cir. 2013). **(4)** Sgt. O'Donohoe's and Captain Komar's actions did not actually chill Plaintiff's exercise of his First Amendment rights. See <u>Kuck v. Danaher</u>, 600 F.3d 159, 168 (2d Cir. 2010) (citing

Williams v. Town of Greenburgh, 535 F.3d 71, 76, 78 (2d Cir. 2008)). **(5)** Sgt. O' Donohoe and Captain Komar did not have personal involvement in Plaintiff's alleged excessive detention. See Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). **(6)** Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of Defendants. See Gibeau v. Nellis, 18 F.3d 107, 110 (2d Cir. 1994). **(7)** All the individual defendants are entitled to qualified immunity because either the law was not clearly established or their actions were objectively reasonable. See White v. Pauly, 137 S. Ct. 548, 551 (2017); Mullenix v. Luna, 136 S. Ct. 305, 308 (2015). **(8)** Plaintiff cannot recover punitive damages against the City of New York. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); accord DiSorbo v. Hoy, 343 F.3d 172, 182 (2d Cir. 2003). **(9)** The City of New York is entitled to governmental immunity and the individual defendants are entitled to state law immunity on Plaintiff's state law claims. See Papineau v. Parmley, 465 F.3d 46, 63 (2d Cir. 2006); Cerbelli v. City of New York, 99 CV 6846 (ARR) (RML), 2008 U.S. Dist. LEXIS 109341, *76 (E.D.N.Y. September 8, 2008), adopted by 2008 U.S. Dist. LEXIS 77335 (E.D.N.Y. Sept. 30, 2008). **(10)** Plaintiff failed to mitigate his alleged damages.

The defenses that were previously asserted, but not to be tried, are as follows: (1) Plaintiff's New York state law claims may be barred for failure to comply with New York General Municipal Law §§ 50-(e), (h), and/or 50-(i); and (2) Plaintiff provoked or was at fault for any incident.

**7.    Damages and Relief:**

(1) General and compensatory damages for:  Plaintiff's loss of freedom and liberty for almost four days, and the emotional, mental, and physical distress that Plaintiff sustained and has suffered as a result of Defendants' actions, in an amount to be determined at trial and in accordance with evidence;

(2) Punitive damages, in an amount to be determined at trial and in accordance with evidence; and

(3) Reasonable attorneys' fees and the costs and disbursements of this action.

**8.    Stipulations:**

i.  Plaintiff was arrested on the evening of September 10, 2012.

ii. Sergeant Brian Barra was a Sergeant in the 94th Precinct on September 10, 2012.

iii. Defendant Sergeant O'Donohoe was a Sergeant in the 94th Precinct on September 10, 2012.

iv. Plaintiff was arraigned and appeared before a Judge in Kings County Criminal Court on September 14, 2012.

9.    **Witnesses:**

Plaintiff's Witnesses:

1.  **Plaintiff Czeslaw Zalewski**

    **Address:**    c/o Kathy A. Polias, 68 Jay Street, Suite 201, Brooklyn, NY 11201

    **When Will Be Called**:    Case-in-chief and may be re-called for rebuttal or impeachment purposes.

    **Expected Content of Testimony During Case-In-Chief:**  Plaintiff's testimony is expected to consist of the testimony reflected in the following pages of his deposition transcript, which are attached:  p. 59, line 17 - p. 60, line 15; p. 61, line 1 - p. 63, line 5; p. 63, line 21 - p. 71, line 22; p. 75, line 24 - p. 78, line 6; p. 100, line 9 - p. 101, line 24; p. 102, line 3 - p. 104, line 23; p. 105, line 24 - p. 106, line 4; p. 108, lines 11 -24; p. 110, lines 1-24; p. 111, line 13 - p. 115, line 21; p. 116, lines 4-11; p. 117, line 24 - p. 118, line 24; p. 120, line 8 - p. 124, line 9; p. 124, line 17 - p. 128, line 25; p. 133, line 18 - p. 134, line 21; p. 139, line 13 - p. 141, line 13; p. 141, line 21 - p. 144, line 12; p. 146, line 5 - p. 148, line 12; p. 149, lines 2-25; p. 150, line 10 - p. 152, line 17; p. 157, lines 10-20; p. 157, line 25 - p. 162, line 19; p. 163, line 2 - p. 164, line 19; p. 165, lines 6-12; p. 167, line 19 - p. 170, line 17; p. 172, line 23 - p. 173, line 12; p. 174, line 11 - p. 175, line 20; p. 179, lines 2-15; p. 181, lines 12 - 184, line 11; p. 185, lines 10-20; p. 188, lines 11-19; p. 188, line 23 - p. 192, line 13; p. 193, lines 12-13; p. 201, lines 18-25; p. 202, lines 1-4, p. 202, line 23 - p. 203, line 25; p. 218, line 11 - p. 219, line 7; p. 221, line 21 - p. 223, line 13; p. 224, line 1 - p. 228, line 14; p. 229, line 20 - p. 230, line 15; p. 232, lines 18-21; p. 234, line 14-25; p. 238, line 5 - p. 245, line 6; p. 245, line 11 - p. 246, line 5; p. 245, line 11 - p. 248, line 24; p. 249, lines 4-15; p. 250, lines 14-25; p. 252, line 2 - p. 253, line 13; p. 254, line 15 - p. 256, line 3; p. 257, line 7 - p. 258, line 14; p. 265, line 11 - p. 270, line 1; p. 283, lines 2-22; and p. 287, line 15-22.

2.  **Stanislawa Zalewska (Plaintiff's mother)**

    **Address:**    c/o Kathy A. Polias, 68 Jay Street, Suite 201, Brooklyn, NY 11201

    **When Will Be Called:**    Case-in-chief (will require a Polish-English translator) and may be recalled for rebuttal purposes.

    **Expected Content of Testimony During Case-In-Chief:**  Ms. Zalewska will be called as a witness during Plaintiff's case-in-chief and is expected to testify concerning:  her observation of injuries on Plaintiff and her observations of Plaintiff's physical condition after he was released from jail on September 14, 2012; her observations of his demeanor and behavior after being released from jail; and Plaintiff's expressions to her about how the Defendants' arrest and imprisonment of him and assault of him were affecting him emotionally and mentally.

**Defendants' objections**:  Hearsay as to the statements Plaintiff made to his mother. Defendants also object on relevance and 403 grounds.

3. **Tomasz Zalewski (Plaintiff's brother)**

   **Address:**      c/o Kathy A. Polias, 68 Jay Street, Suite 201, Brooklyn, NY 11201

   **When Will Be Called:**   Case-in-chief and may be re-called for rebuttal purposes.

   **Expected Content of Testimony During Case-In-Chief:**  Mr. Zalewski is expected to testify concerning:  his observation of injuries on Plaintiff and his observations of Plaintiff's physical condition after Plaintiff was released from jail on September 14, 2012; his observations of Plaintiff's demeanor and behavior after being released from jail; and Plaintiff's expressions to him about how the Defendants' arrest and imprisonment of Plaintiff and assault of Plaintiff were affecting Plaintiff emotionally and mentally.

   **Defendants' objections**:  Hearsay as to the statements Plaintiff made to his brother. Defendants also object on relevance and 403 grounds.

4. **Defendant Police Officer Peter John Santiago**

   **Address:**      c/o John Garcia, Esq., Assistant Corporation Counsel, The City of New
                     York Law Department, 100 Church Street, New York, NY 10007

   **When Will Be Called:**   Case-in-chief and may be re-called for rebuttal or
                              impeachment purposes.

   **Expected Content of Testimony on Case-In-Chief**:  Defendant Police Officer Peter John Santiago is expected to testify:  that he is 6'3 and that he was 290 pounds in September 2012; that he was an officer in the 94th Precinct in September 2012; that he was the officer who arrested Plaintiff on September 10, 2012; that he arrested Plaintiff on the evening of that day on North 7th Street in Greenpoint, Brooklyn; that his partner at the time was Police Officer Viodelys Brathwaite and that she was with him when he arrested Plaintiff; that after Santiago arrested Plaintiff, he and Officer Brathwaite took Plaintiff to the 94th Precinct; that he placed Plaintiff in a holding cell in the 94th Precinct; that he completed the arrest paperwork for the arrest, which included but was not limited to Complaint and the Arrest Report; that he forwarded the arrest paperwork to the Kings County District Attorney's Office; that he participated in deciding the charges to bring against Plaintiff, which were reflected on the Arrest Report; and that under the policy, practice, and procedures of the NYPD and the 94th Precinct in September 2012, arrestees were allowed to make phone calls even before they were fingerprinted.  Defendant Police Officer Santiago is expected to identify the Complaint Report and Arrest Report that he authored, which Plaintiff will then move into evidence.

**Defendants' objections**: 402 and 403 grounds as to NYPD policies, practices, and procedures because there is no claim for municipal liability, and therefore, any testimony about same has no bearing on Plaintiff's claims and will only confuse or mislead the jury.

5. **Defendant Sergeant Terence O'Donohoe**

   **Address:**      c/o John Garcia, Esq., Assistant Corporation Counsel, The City of New York Law Department, 100 Church Street, New York, NY 10007

   **When Will Be Called:**   Case-in-chief and may be re-called for rebuttal or impeachment purposes.

   **Expected Content of Testimony on Case-In-Chief**: Defendant Sergeant O'Donohoe is expected to testify: that in September 2012, he was a Sergeant in the 94th Precinct; that he was on duty from 11:05 p.m. on September 10, 2012 to 8:02 a.m. on September 11, 2012; that he acted as the desk sergeant during that shift and that he spent the entire shift in the precinct, as opposed to out on patrol; that in September 2012, he had access to taser guns in the Precinct; that under the policy, practices, and procedures of the NYPD and the 94th Precinct in September 2012, arrestees were allowed to make phone calls even before they were fingerprinted; that under the policies, practices and procedures of the NYPD and the 94th Precinct in 2012, an arrestee could still be processed even if he/she was not consenting to be fingerprinted; and that under the policies, practices, and procedures of the NYPD and the 94th Precinct in 2012, an arresting officer or another officer would request the arrestee's fingerprints a certain number of times, usually three, document his/her attempts on a "Refuse Prints" form which would be placed with the other arrest paperwork, and then the arrestee could be taken to Central Booking. Sergeant O'Donohoe is expected to identify the excerpts from his Memo Book, which will then be moved into evidence.

   **Defendants' objections**: 402 and 403 grounds as to NYPD policies, practices, and procedures because there is no claim for municipal liability, and therefore, any testimony about same has no bearing on Plaintiff's claims and will only confuse or mislead the jury.

6. **Defendant Captain Stefan Komar**

   **Address:**      c/o John Garcia, Esq., Assistant Corporation Counsel, The City of New York Law Department, 100 Church Street, New York, NY 10007

   **When Will Be Called:**   Case-in-Chief and may be recalled for rebuttal or impeachment purposes.

   **Expected Content of Testimony on Case-In-Chief:** Defendant Captain Komar is expected to testify: that he was the Captain of the 94th Precinct in September 2012 and the highest-ranking officer there; that under the policies, practices, and procedures of the NYPD and the 94th Precinct in September 2012, arrestees were allowed to make phone calls before they identified themselves; and that under the policies, practices and

procedures of the NYPD and the 94th Precinct in September 2012, an arrestee could still be processed even if he/she was not consenting to be fingerprinted;

**Defendants' objections**: 402 and 403 grounds as to NYPD policies, practices, and procedures because there is no claim for municipal liability, and therefore, any testimony about same has no bearing on Plaintiff's claims and will only confuse or mislead the jury.

7. **Sergeant Brian Barra**

    **Address:**    c/o John Garcia, Esq., Assistant Corporation Counsel, The City of New York Law Department, 100 Church Street, New York, NY 10007

    **When Will Be Called**:    Case-in-chief and may be recalled for rebuttal or impeachment Purposes.

    **Expected Content of Testimony on Case-In-Chief**: Defendant Sergeant Brian Barra is expected to testify: that he was a Sergeant in the 94th Precinct in September 2012; that he approved Defendant Police Officer Santiago's arrest of Plaintiff and charges against Plaintiff on September 10, 2012; that he made the entries in the 94th Precinct's Command Log on September 10, 2012 concerning Plaintiff's arrest upon Police Officer Santiago bringing Plaintiff into the Precinct; that he indicated in the Command Log that Plaintiff's "physical/mental cond." was normal; that he made that indication based on his observations of Plaintiff; that he would not write that someone's physical/mental condition was normal if he/she appeared drunk or intoxicated, that he would instead write "intoxicated"; and that under the policy, practices, and procedures of the NYPD and the 94th Precinct in September 2012, arrestees were allowed to make phone calls even before they were fingerprinted. He is expected to identify his entries in the Command Log, which will then be moved into evidence.

    **Defendants' objections**: 402 and 403 grounds as to NYPD policies, practices, and procedures because there is no claim for municipal liability, and therefore, any testimony about same has no bearing on Plaintiff's claims and will only confuse or mislead the jury.

8. **Police Officer Viodelys Brathwaite**

    **Address:**    c/o John Garcia, Esq., Assistant Corporation Counsel, The City of New York Law Department, 100 Church Street, New York, NY 10007

    **When Will Be Called:**    For rebuttal or impeachment purposes.

    **Expected Content of Testimony:** Police Officer Viodelys Brathwaite may be called to counter Defendant Police Officer Santiago's description of the arrest, as Police Officer Brathwaite and Defendant Officer Santiago gave starkly different accounts of the arrest during their depositions. Santiago testified that he first saw Plaintiff urinating at the scene of the arrest after Santiago got out of the police vehicle in which he was riding with Brathwaite. In contrast, Brathwaite testified that Santiago told her while they were still in

the vehicle together that Plaintiff was urinating.  In addition, Santiago testified that when he approached Plaintiff, Plaintiff started running and Defendant Santiago caught up to Plaintiff about 100 feet down the block, where Plaintiff was placed in handcuffs. However, Brathwaite testified that Santiago handcuffed Plaintiff in the "same vicinity" where Plaintiff was first spotted, not a distance as much as 100 feet from where was first spotted.  In addition, Defendant Santiago testified that Brathwaite helped him to place Plaintiff in handcuffs because Plaintiff was resisting.  On the other hand, Brathwaite testified that by the time she reached Santiago and Plaintiff, Plaintiff was already handcuffed.

### 9. Corporate representative from City of New York/NYPD to interpret the Omniform

**Address:**    c/o John Garcia, Esq., Assistant Corporation Counsel, The City of New York Law Department, 100 Church Street, New York, NY 10007

**When Will Be Called:**    For rebuttal or impeachment purposes.

**Expected Content of Testimony:** This witness is expected to testify concerning what various indications on the NYPD Omniform for Plaintiff arrest mean, and to authenticate the Omniform, which will then be moved into evidence.

Defendants' Witnesses:[1]

1. **Catherine Gursky, or another representative from Woodhull Hospital**, 760 Broadway, Brooklyn, New York 11206, to testify during Defendants' case in chief regarding Woodhull Hospitals procedures for medical records for "John Doe" patients.

2. **Vera Smith, RN, Julio Ramirez, MD, or another representative from Woodhull Hospital**, 760 Broadway, Brooklyn, New York 11206, to testify during Defendants' case in chief regarding the initial treatment of Plaintiff on September 11, 2012, and to authenticate and explain the notations in medical records;

3. **Eugene S. Gonzalo, RN, Althea James, RN, Dr. Kulivia, or another representative from Woodhull Hospital**, 760 Broadway, Brooklyn, New York 11206, to testify during Defendants' case in chief regarding the psychiatric evaluation of Plaintiff on September 11, 2012, and to authenticate and explain the notations in medical records;

4. **Police Officer Patrick McKay**, NYPD, Brooklyn Court Section, 250 Joralemon Street, Brooklyn, New York 11201, to testify during Defendants' case in chief regarding Plaintiff's refusal to cooperate during arrest processing;

---

[1] Defendants reserve the right to call any witnesses from Plaintiff's list for their case in chief.  In addition, in an abundance of caution, Defendants list the possible members of service that they may call as no trial date has been set and they do not know the availability of the witnesses. Defendants can provide an updated list of which members of service will actually be called closer to trial.

5. **Sergeant Michelle Rice**, NYPD, Brooklyn Court Section, 250 Joralemon Street, Brooklyn, New York 11201, to testify during Defendants' case in chief regarding Plaintiff's refusal to cooperate during arrest processing;

6. **Lieutenant Hans Lafontant**, NYPD, Brooklyn Court Section, 250 Joralemon Street, Brooklyn, New York 11201, to testify during Defendants' case in chief regarding Plaintiff's refusal to cooperate during arrest processing

   <u>Plaintiff's objections</u>: FRE 602 and FRE 802, as according to notations in the record that appear to be authored by Lieutenant Lafontant, he does not appear to have personal knowledge of the subjects indicated and any testimony he gives on said subjects would rely on hearsay;

7. **Police Officer Marcia James**, NYPD, 107 Precinct, 71-01 Parsons Blvd., Queens, New York 11365, to testify during Defendants' case in chief regarding Plaintiff's refusal to cooperate during arrest processing;

8. **Lieutenant William Groneman**, NYPD, Police Service Area 2, 560 Sutter Avenue, Brooklyn, New York  11207, to testify during Defendants' case in chief regarding Plaintiff's refusal to cooperate during arrest processing

   <u>Plaintiff's objections</u>: FRE 602 and FRE 802, as according to notations in the record that appear to be authored by Lieutenant Groneman, he does not appear to have personal knowledge of the subjects indicated and any testimony he gives on said subjects would rely on hearsay;

9. **Police Officer Anthony Rivera**, NYPD, Brooklyn Court Section, 250 Joralemon Street, Brooklyn, New York 11201, to testify during Defendants' case in chief regarding Plaintiff's refusal to cooperate during arrest processing;

10. **Lieutenant Michael Delaney**, NYPD, Housing Borough Bronx/Queens, 737 Melrose Avenue, Bronx, New York 10451, to testify during Defendants' case in chief regarding Plaintiff's referral to Woodhull Hospital for a second psychiatric evaluation

    <u>Plaintiff's objections</u>: FRE 602 and FRE 802, as according to notations in the record that appear to be authored by Lieutenant Delaney, he does not appear to have personal knowledge of the subjects indicated and any testimony he gives on said subjects would likely rely on hearsay; and

11. **Lieutenant Christopher Czark, or another member of NYPD**, Criminal Justice Bureau, One Police Plaza, Room 204, New York, New York 10038, to testify during Defendants' case in chief regarding ·the notations on Plaintiff's Online Prisoner Arraignment Form for Plaintiff's September 10, 2012 arrest.

**10.    Deposition Testimony:**

Plaintiff's Designations:

None.

Defendants' Designations:[2]

| Witness | Page and Line Numbers | Cross-Designation and Objections |
|---|---|---|
| Non-party Catherine Gursky | 8:17-24<br>10:6-13<br>11:2-21<br>12:2-11<br>13:19-23<br>14:8-16<br>18:24-19:3<br>19:8-20:23 | |

**11.    Exhibits:**

Plaintiff's Proposed Exhibits:

| Number | Exhibit and Description | Objections |
|---|---|---|
| 1. | NYPD Complaint Report for Czeslaw Zalewski, dated September 10, 2012. | 402, 403, 802 |
| 2. | NYPD Arrest Report for Czeslaw Zalewski, dated September 10, 2012. | 402, 403, 802 |
| 3. | Excerpts from the 94th Precinct's Command Log in September 2012. | 402, 403, 802 |
| 4. | Certificate of Disposition, dated May 23, 2014, for Plaintiff's arrest on September 10, 2012 and for the subsequent criminal prosecution. | 402, 403 |
| 5. | Excerpts from Defendant Sergeant O'Donohoe's Memo Book in September 2012. | 402, 403 |
| 6. | NYPD Plaintiff's Online Prisoner Arraignment Form for Plaintiff's | 403, 802 |

---

[2] Defendants reserve the right to use the parties' deposition transcripts as permitted by the Federal Rules of Civil Procedure and Evidence.

| Number | Exhibit and Description | Objections |
|---|---|---|
|  | September 10, 2012 arrest. |  |

Plaintiff's Proposed Exhibits for Impeachment and/or Rebuttal:

| Number | Exhibit and Description | Objections |
|---|---|---|
| 7. | Impeachment Documents - Deposition Transcript of Defendant Police Officer Peter John Santiago. - The excerpts that Plaintiff anticipates he may have to use to impeach Defendant Santiago are:<br><br>p. 8, line 10 - p. 9, line 19<br>p. 11, lines 7-16<br>p. 19, lines 19-23<br>p. 20, line 8 - p. 39, line 8<br>p. 66, line 14 - p. 67, line 16<br>p. 73, line 21 - p. 74, line 20<br>p. 77, line 16 - p. 78, line 3<br>p. 79, line 6-19<br>p. 79, line 25 - p. 81, line 16 | 402 and 403 grounds as to NYPD policies, practices, and procedures because there is no claim for municipal liability, and therefore, any testimony about same has no bearing on Plaintiff's claims and will only confuse or mislead the jury.<br><br>402, 403, and 802 grounds as to NYPD Arrest Report and Complaint Report for Plaintiff's September 10, 2012 arrest.<br><br>No Showing of unavailability. |
| 8. | Impeachment Documents - Deposition Transcript of Defendant Sergeant Terence O'Donohoe. - The excerpts that Plaintiff anticipates he may have to use to impeach Defendant O'Donohoe are:<br><br>p. 28, line 6 - p. 29, line 13<br>p. 30, line 13 - p. 32, line 2<br>p. 36, lines 6-11<br>p. 53, line 25 - p. 55, line 2<br>p. 77, line 16- p. 78, line 18<br>p.79, lines 5-12 | 402 and 403 grounds as to NYPD policies, practices, and procedures because there is no claim for municipal liability, and therefore, any testimony about same has no bearing on Plaintiff's claims and will only confuse or mislead the jury<br><br>402, 403, and 802 grounds as to Sgt. O'Donohoe's memobook entries.<br><br>No Showing of unavailability. |
| 9. | Impeachment Documents - Deposition Transcript of Defendant Captain Stefan Komar. - The excerpts that Plaintiff anticipates he may have to use to impeach Defendant Komar are:<br><br>p. 12, line 23 - p. 13, line 11 | 402 and 403 grounds as to NYPD policies, practices, and procedures because there is no claim for municipal liability, and therefore, any testimony about same has no bearing on Plaintiff's claims and will only confuse or mislead the jury<br><br>No Showing of unavailability. |
| 10. | Impeachment Documents - Deposition Transcript of Police Officer Viodelys | No Showing of unavailability. |

| Number | Exhibit and Description | Objections |
|---|---|---|
|  | Brathwaite. - The excerpts that Plaintiff anticipates he may have to use to impeach Police Officer Brathwaite are:<br><br>p. 8, lines 10-12<br>p. 20, line 18 - p. 22, line 12<br>p. 29, line 1 - p. 31, line 25 |  |
| 11. | Impeachment Documents – Deposition Transcript of Sergeant Brian Barra  -  The excerpts that Plaintiff anticipates he may have to use to impeach Sergeant Brian Barra:<br><br>p. 23, line 22 - p. 24, line 15<br>p. 57, line 8 - p. 59, line 15<br>p. 60, line 19 - p. 62, line 9<br>p. 67, line 10-24<br>p. 68, line 12 - p. 72, line 7 | 402 and 403 grounds as to NYPD policies, practices, and procedures because there is no claim for municipal liability, and therefore, any testimony about same has no bearing on Plaintiff's claims and will only confuse or mislead the jury.<br><br>402, 403, and 802 grounds as to testimony about NYPD Arrest Report and Complaint Report for Plaintiff's September 10, 2012 arrest.<br><br>403, 602, and 802 grounds as to testimony about NYPD Online Prisoner Arraignment form for Plaintiff's September 10, 2012 arrest and entries made in 94th Precinct Command Log.<br><br>No Showing of unavailability. |
| 12. | NYPD Complaint Report for Czeslaw Zalewski, dated September 10, 2012. | 402, 403, 802 |
| 13. | NYPD Arrest Report for Czeslaw Zalewski, dated September 10, 2012. | 402, 403, 802 |
| 14. | Excerpts from the 94th Precinct's Command Log in September 2012. | 402, 403, 802 |
| 15. | Excerpts from Defendant Sergeant O'Donohoe's Memo Book in September 2012. | 402, 403 |

Defendants' Proposed Exhibits:[3]

| Letter | Exhibit and Description | Objections |
|---|---|---|
| A. | Plaintiff's medical records from Woodhull Hospital on September 11, 2012, and bearing Bates Stamp Nos. DEF120-DEF160 | FRE 802 |

---

[3] Defendants reserve the right to use and/or introduce as evidence any exhibits listed by Plaintiff.

| Letter | Exhibit and Description | Objections |
|---|---|---|
| B. | Plaintiff's Online Prisoner Arraignment Form for Plaintiff's September 10, 2012 arrest, and bearing Bates Stamp Nos. DE000006 through DE000007 | |

Defendants' Proposed Exhibits for Impeachment Purposes:

| Letter | Exhibit and Description | Objections |
|---|---|---|
| C. | Plaintiff's Notice of Claim dated December 6, 2012, and bearing Bates Stamp Nos. 0001 through 0005 | |
| D. | Plaintiff's Amended Notice of Claim, bearing Bates Stamp Nos. DE00095-DE00099 | |
| E. | Transcript of Plaintiff's 50-h Hearing, bearing Bates Stamp Nos. DE00017-DE00094 | |
| F. | Complaint filed in this action | |
| G. | Amended Complaint filed in this action | |
| H. | Plaintiff's responses to Defendants' First Set of Interrogatories and Document Requests | |
| I. | Transcripts of Plaintiff's Deposition, taken on August 3, 2015 and June 24, 2016 | |

**12.    Motions *in Limine*:**

Pursuant to the Court's Order dated June 20, 2019, the parties have until July 25, 2019 to submit their Motions *in Limine*.

**13.    Joint Request to Charge:**

Pursuant to the Court's Order dated June 20, 2019, the parties have until July 25, 2019 to submit their Joint Request to Charge.

**SO ORDERED:**

_____

**HONORABLE ALLYNE R. ROSS**
**UNITED STATES DISTRICT JUDGE**

**Dated: Brooklyn, New York**
**_____, 2019**

**\*\*\*\*\***

18

Respectfully submitted,

KATHY A. POLIAS                     ZACHARY W. CARTER
*Attorney for Plaintiff*            Corporation Counsel of the City of New York
68 Jay Street, Suite 201            *Attorney for Defendants*
Brooklyn, New York 11201            100 Church Street, Room 3-222
718-514-2062                        New York, New York 10007
                                    (212) 356-5053

By: _____         By: _____
        Kathy A. Polias, Esq.               John L. Garcia
                                            *Assistant Corporation Counsel*