UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CZESLAW ZALEWSKI,

                             Plaintiff,


               -against-                              **JOINT PROPOSED**
                                            **JURY CHARGE**[1]

POLICE OFFICER PETER JOHN SANTIAGO,     13-CV-7015 (ARR) (PK)
SERGEANT TERENCE O'DONOHOE, and
CAPTAIN KOMAR,[2]

                               Defendants.
-----------------------------------------------------------------x

       The Parties in the above-captioned action, having conferred among themselves through counsel, hereby submit the following as their proposed Jury Instructions.[3]

Introductory Remarks

       Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties. You are about to perform your final responsibility as jurors. We are all grateful to you for the close attention you have given to this case. I ask that you give me that same careful attention as I give you these final instructions.

---

[1] The agreed upon jury instructions are in regular text. Where the parties could not agree, Plaintiff's proposed instructions are in bold and redlined. Defendants' proposed instructions are in italics and the original text. The parties also respectfully reserve the right to submit additional substantive jury instructions, if necessary, based upon the proceedings at trial.

[2] The parties have recently agreed to remove the City of New York from the caption and the verdict form. The caption also reflects the remaining defendants in this action.

[3] Defendants have not included a proposed charge on their qualified immunity defense, because they respectfully submit that the issue of qualified immunity is one for the Court to decide, not the jury. Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007); Stephenson v. Doe, 332 F.3d 68, 80-82 (2d Cir. 2003). Defendants respectfully request the opportunity to submit Special Interrogatories for the jury so that the jury can resolve any material issues of fact that will allow the Court to decide whether Defendants are entitled to the defense of qualified immunity as a matter of law. See id. Should the Court indicate that it intends to charge the jury on qualified immunity, Defendants respectfully reserve the right to provide a proposed qualified immunity charge at that time.

My instructions will be in three parts:

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a civil case such as this;

Second, I will instruct you as to the legal elements of plaintiff's claims; and

Third, I will give you some general rules regarding your deliberations.

## I.        GENERAL INSTRUCTIONS[4]

(A)    Role as judge and jury

Let me start by restating our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all the evidence in this case. You are the sole judges of the facts and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My job is to instruct you on the law. You must apply the law, in accordance with my instructions, to the facts as you find them. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom of any rule of law that I state, regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

If any of the lawyers have stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. You should

---

[4] Part 1 General Instructions and Part III Closing Instructions were adapted, in large part, from this Court's instructions given at the trial in Stephanie Dorceant, et al. v. Police Officer Salvator Aquino, 15-CV-7103 (ARR) (CLP), Docket Entry No. 76.

not single out any one instruction alone as stating the law, but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as expressing any opinion about the facts or the merits of this case. [IF APPLICABLE - For example, on occasion, I may have asked questions of a witness. You should attach no special significance to these questions because they were asked by me.]

(B)    The Definition of Evidence

You must determine the facts in this case based solely on the evidence presented or those inferences which can reasonably be drawn from the evidence. Evidence has been presented to you in the form of sworn testimony from the witnesses and exhibits that have been received in evidence by me. When the attorneys on both sides "stipulate," that is, agree to the existence of a fact, you the jury may accept the stipulation and consider the fact as proven.

[IF APPLICABLE - Some evidence has been received for a limited purpose only, and when I have given you a limiting instruction as to such evidence, you must follow that instruction.]

There are certain things that are not evidence and are to be entirely disregarded by you in deciding what the facts are: arguments, statements, or summations by the lawyers; objections to the questions or to the offered exhibits; and any testimony that has been excluded, stricken, or that you have been instructed to disregard. Those are not evidence.

[IF APPLICABLE - Some of the exhibits that have been admitted as evidence contain dark blocks indicating that information that had been on the document has been deleted. We call

such a deletion from a document a redaction. All of these redactions have been done at the court's direction. You are not to consider what the redacted portions of the documents might have said or attach any significance at all to the redaction. Most importantly, you are not to draw any inference for or against any party from the fact that I have ordered that a document be redacted.]

(C)    Direct and Circumstantial Evidence

There are, generally speaking, two types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case. There is no distinction between the weight to be given to these two types of evidence. You must base your verdict on a reasonable assessment of ALL the evidence in the case'

Direct evidence is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard.

The other type of evidence—circumstantial evidence—is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. A simple example of circumstantial evidence would be as follows: Suppose you came to court on a day when the weather was clear, sunny, and dry. However, after several hours in the courtroom where there are no windows, you observe a person come in wearing a wet raincoat and another person shaking a wet umbrella. Without you ever looking outside, you would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court, it rained outdoors. That is all there is to circumstantial evidence. On the basis of reason, experience, and common sense, you infer the existence or nonexistence of a fact from one or more established facts.

No significance should be attached to the fact that a document or other exhibit was introduced by one party rather than by the other. Any party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from witnesses or documents introduced by another party.

You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience. Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case. Use your common sense in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation.

There are times when differing inferences may be drawn from facts, whether proved by direct or circumstantial evidence. Plaintiff asks you to draw one. Defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

In deciding the factual issues presented in this case, the test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but rather which witnesses and evidence you find most accurate and trustworthy.

(D)    Witness Credibility

In deciding the facts in this case, you must consider all of the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility of the witnesses and the weight their testimony deserves. Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred. You may choose to disbelieve all or part of any

witness's testimony. In making that decision, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear, and know about the events he or she described;

- the witness's ability to recall and describe those things;

- the witness's manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive or suspect in some way;

- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- the reasonableness of the witness's testimony in tight of all of the other evidence in the case;

- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial;

- whether a witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent effort or intentional falsehood.

(E)    Deposition Testimony [IF APPLICABLE]

Some of the testimony before you is in the form of deposition excerpts that have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adverse party under oath before a stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the

testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

(F)    Impeachment by Prior Inconsistent Statements

You may have heard evidence that at some earlier time a witness has said or done something which counsel has argued is inconsistent with the witness's testimony at trial.

Evidence of a prior inconsistent statement was placed before you for the purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony,

(G)    Police Officer Witnesses

In this case you have heard testimony of police officers. The testimony of these witnesses should be evaluated in the same manner as the testimony of any other witness. The fact that a witness is a police officer does not justify according that witness's testimony more or less credence than the testimony of any other person. You should evaluate the testimony of this

witness in the same manner as you would the testimony of any other witness, using all of the tests of credibility that I have discussed with you.

(H)    No Sympathy or Bias

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice as to any party' All parties are equal before the law and are entitled to the same fair consideration. The court expects that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

(I)    Burden of Proof

In a civil action such as this, plaintiff, Czeslaw Zalewski, has the burden of proving each of the essential elements of his claims by a preponderance of the evidence. If the proof fails to establish any essential element of plaintiff's claims by a preponderance of the evidence, you should find for the defendants.

To establish a claim "by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is, more likely than not, true.

A preponderance of the evidence means the greater weight of the evidence. That does not mean the greater number of witnesses or the greater length of the time taken by either side. This determination is based on the quality and persuasiveness of the evidence-the weight and effect it has on your minds.

In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right, or that the evidence produced by the plaintiff, who has the burden of proof, is outweighed by evidence against his claims, then you must decide that issue against the plaintiff. That is because the plaintiff is the party who bears the burden of proof in this case, and the party bearing the burden must prove more than simply equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the plaintiff need not prove his claims by more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the plaintiff—that what he claims is more likely true than not true—then the element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

(J)     Multiple Defendants

Although there are three defendants in this case, it does not follow that if one is liable, the other is liable as well. Each defendant is entitled to fair, separate, and individual consideration of the case without regard to your decision as to the other defendants.

## II.     SUBSTANTIVE LAW

I will now turn to the second part of this charge and instruct you as to the legal elements of plaintiff's claims.

A.    42 U.S.C. Section 1983 Claims

Plaintiff brings this lawsuit pursuant to 42 U.S.C. section 1983. In order to prove a claim

pursuant to Section 1983, plaintiff must establish, by a preponderance of the evidence, both of

the following two elements:

First, that the defendant's conduct deprived plaintiff of a right protected by the

Constitution of the United States; and

Second, that the defendant's conduct was the proximate cause of the injuries and

consequent damages sustained by plaintiff.[5]

I will now review each element of a Section 1983 claim with you.

1.    First Element:  Deprivation of a Constitutional Right

The first element of ~~the~~ **each of the** plaintiff's claims **against each defendant** is that he

was deprived of his constitutional rights by ~~the defendants~~ **defendant**. In order for a plaintiff to

establish this element, he must prove three things by a preponderance of the evidence. First, that

the defendant committed or was personally involved in the acts as alleged by the plaintiff.

Second, that those acts, as alleged by the plaintiff, caused the plaintiff to suffer the loss of a

constitutional right. Third, that in performing the acts as alleged by the plaintiff, the defendant

acted intentionally or recklessly.

With regards to intent, an act is intentional if it is done voluntarily and deliberately, and

not because of mistake, accident, negligence, or other innocent reason. An act is reckless if done

in conscious disregard of its known probable consequences. In determining whether a defendant

acted with the requisite state of mind, you should remember that, while witnesses may see and

hear and so be able to give direct evidence of what a person does or fails to do, there is no way of

---

[5] The parties are aware of the third element—under color of law—but Defendants do not contest that they were acting under the color of law, and therefore, the jury should not be charged on this element.

looking into a person's mind. Therefore, you have to rely on your understanding of what was done, what the people involved said was in their minds, and your belief or disbelief with respect to those facts and statements.

i.    Commission of Alleged Acts

The first thing for you to determine **with respect to each claim against each defendant** is whether the ~~defendants~~**defendant** committed the acts **that plaintiff alleged he committed** ~~as alleged by plaintiff~~.  If you find that plaintiff has failed to prove by a preponderance of the credible evidence that the defendant committed the acts ~~as alleged by plaintiff~~, **that plaintiff alleged he committed** you must find in favor of the defendants.[6]

ii.    Loss of a Constitutional Right

If you determine that ~~the defendants~~ **a defendant** committed ~~the acts as alleged by plaintiff~~**the act that plaintiff alleged he committed**, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

*In this case, the plaintiff has brought the following claims against the defendants Police Officer Peter John Santiago, Sergeant Terence O'Donohoe, and Captain Stefan Komar:*

1) ~~1)~~ False Arrest against Officer Santiago;

~~1)~~2)    **False Imprisonment against Sgt. O'Donohoe and Captain Komar;**

~~2)~~3)    Excessive Force ~~against~~ **by** Officer Santiago and Sgt. O'Donohoe;

~~3)~~4)    Failure to Intervene ~~against~~ **by** Sgt. O'Donohoe and Captain Komar **in excessive force by other officers**; and

---

[6] *Defendants contend that Plaintiff must prove his allegations as alleged by him and thus, their proposed instructions were adapted from the instructions given by Hon. Paul A. Engelmayer in Gabriel Diaz v. Lauren Diaz, et al., 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).*

**5)   Supervisory Liability by Sgt. O'Donohoe and Captain Komar for excessive force by subordinate officers;**[7]

*4)6)*     *First Amendment Retaliation ~~against~~ **by** Sgt. O'Donohoe and Captain Komar.*

I will now explain each of these claims in more detail to you.

     a.  False Arrest

Plaintiff alleges that Officer Santiago falsely arrested him.  **A false arrest is a violation of a person's right under the Fourth Amendment to the U.S. Constitution to be free from unreasonable seizures.**  Defendants deny this claim and assert that there was probable cause to arrest plaintiff.

Federal law provides that no person may be arrested without probable cause.[8]  Let me explain what "probable cause" means.  Probable cause exists when, based on the totality of circumstances, an officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant *a person* of reasonable caution *~~in the belief that~~* **in the officer's shoes to believe** an offense has been or is being committed by the person to be arrested.[9]  Defendants have the burden of proving the existence of probable cause.  Whether probable cause existed depends upon the reasonable conclusions to be drawn from the facts **available** *~~known~~* to the defendant **officer**~~s~~ at the time of the arrest of plaintiff.[10]  You are not to view the question of probable cause from a position of calm, reflective hindsight, but from the

---

[7] *Defendants object to instructing the jury on the false imprisonment and supervisory liability claims and state the reasons for their objections below where the instructions are interposed.*

[8] <u>Cook v. Sheldon</u>, 41 F.3d 73, 78 (2d Cir. 1994).

[9] <u>Escalera v. Lunn</u>, 361 F.3d 737, 743 (2d Cir. 2004).

[10] <u>Panetta v. Crowley</u>, 460 F.3d 388, 395 (2d Cir. 2006).

position of how the circumstances appeared to ~~the~~ **a reasonably cautious ~~officer~~person in the officer's shoes** ~~officers~~ at the time.[11]

~~Probable cause requires only the probability of criminal activity; it does not require an actual showing of criminal activity.[12] In other words, the arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.[13] An arrest made with probable cause is lawful even if the plaintiff actually did not commit the crime.[14] An officer need not have been convinced beyond a reasonable doubt that a criminal offense was being, had been or is about to be committed. Thus, the ultimate disposition of the criminal charge against plaintiff, whatever it may have been, is irrelevant to this question.[15]~~

**Whether the arrestee is actually guilty or innocent of the offense is irrelevant to the determination of whether the officer had probable cause.[16] Also irrelevant is whether the district attorney decided to prosecute the arrestee on the charges and whether the charges were ultimately dismissed.[17] What is relevant is whether the facts available to the officer at the time of the arrest were sufficient to cause a reasonable person in the officer's shoes to believe that an offense has been or is being committed by the person to be arrested.[18]**

The existence of probable cause is measured at the moment of arrest, not based on later developments.[19] You are not to view the question of probable cause from a position of calm,

---

[11] Ali v. City of New York, 11 Civ. 5469 (LAK), 2012 U.S. Dist. LEXIS 126233, at *14 (S.D.N.Y. Sept. 5, 2012).
[12] ~~Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).~~
[13] ~~Michigan v. DeFillippo, 443 U.S. 31, 36 (1979); Pierson v. Ray, 386 U.S. 547, 555 (1967).~~
[14] ~~Michigan v. DeFillippo, 443 U.S. 31, 36 (1979).~~
[15] ~~Pierson v. Ray, 386 U.S. 547, 555 (1967); Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996).~~
[16] **Michigan v. DeFillippo, 443 U.S. 31, 36 (1979); Pierson v. Ray, 386 U.S. 547, 555 (1967).**
[17] **Pierson v. Ray, 386 U.S. 547, 555 (1967); Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996).**
[18] **Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).**
[19] Taken from the instructions given by the Hon. Judge Lewis A. Kaplan in the case of Manigault v. Brown, 11 CV 4307 (LAK) (S.D.N.Y. – delivered on July 18, 2012).

reflective hindsight, but from a position of how the circumstances **would have appeared to a reasonable person in the officer's shoes** *appeared to the* officers at the time.[20]  Because the existence of probable cause is analyzed from the perspective of a reasonable person standing in the officer's shoes*,* the actual subjective beliefs **or motivations** of the **defendant** officer are irrelevant to the determination of probable cause.[21]  Once a police officer has *a reasonable basis to believe there is* probable cause to arrest, the officer is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest.[22]

Once officers possess facts sufficient to establish probable cause, they are neither required, nor allowed to sit as prosecutor, judge or jury.  Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through the weighing of the evidence.[23]  An officer also has no duty to investigate any claims of innocence by a plaintiff, and, if an officer ignored any statements of innocence by the plaintiff or the plaintiff's witnesses, that does not defeat probable cause.[24]  Probable cause can exist even where it is based on *mistaken* **erroneous** information **that was given or was available to the officer**, so long as the arresting officer acted reasonably and in good faith in relying on that information.[25]

The existence of probable cause is not measured by the strict standards required for a criminal conviction.  An officer need not have been convinced beyond a reasonable doubt at the time of an arrest that a criminal offense was being or had been committed.  Probable cause only requires a fair probability that an offense has been, is being, or is about to be committed.  There

---

[20] Taken from the instructions given by the Hon. Judge Lewis A. Kaplan in <u>Manigault v. Brown</u>, 11 CV 4307 (LAK); <u>see</u> <u>also</u> <u>Maryland v. Pringle</u>, 540 U.S. 366, 371 (2003).
[21] <u>Whren v. United States</u>, 517 U.S. 806, 812-813 (1996).
[22] <u>Baker v. McCollan</u>, 443 U.S. 137, 145-46 (1979); <u>Panetta</u>, 460 F.3d at 395.
[23] <u>Krause v. Bennett</u>, 887 F.2d 362, 372 (2d Cir. 1989).
[24] Taken from the instructions given by Hon. Judge Andrew J. Peck in <u>Tsesarskaya v. City of New York</u>*, et al.*, 11 CV 4897 (S.D.N.Y. – delivered on June 13, 2012).
[25] <u>Bernard v. U.S.</u>, 25 F.3d 98, 102 (2d Cir. 1994).

need not have been evidence proving each of the elements of the offense at the time the officer made the arrest.[26]

Moreover, it is not necessary that the officer had probable cause to arrest plaintiff for the offense with which he eventually charged the plaintiff, so long as the officer had probable cause to arrest plaintiff for any criminal offense. An arrest made with probable cause for any offense – whether charged or not – is lawful.[27]

Defendants assert that probable cause existed to arrest plaintiff for the following crimes:[28]

Public Urination

The antilittering provision of the New York City Health Code makes it unlawful to "throw or put any . . . noxious liquid . . . [or] allow any such matter to run or fall into any street [or] public place . . . ."[29] In other words, it was unlawful to urinate on any street or public sidewalk in New York City.[30]

Disorderly Conduct

A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: He engages in fighting or in violent, tumultuous or threatening behavior.[31]

---

[26] This paragraph has been taken from the instructions given by the Hon. Judge Lewis A. Kaplan in Manigault v. Brown, 11 CV 4307 (LAK) (citing Devenpeck v. Alford, 543 U.S. 146, 152-3 (2004); DeFillippo, 443 U.S. at 36; United States v. Ginsburg, 758 F.2d 832 (2d Cir. 1985).

[27] This paragraph has been adapted from the instructions given by the Hon. Judge Brian M. Cogan in the case of Spero v. Tudor, 11 CV 4850 (BMC) (E.D.N.Y. – delivered on October 11, 2012); see also Devenpeck v. Alford, 543 U.S. 146, 153 (2004).

[28] Defendants reserve the right to amend this portion of their proposed charged depending upon how the evidence comes in a trial.

[29] New York City Health Code § 153.09 (repealed effective 1/12/2017).

[30] See People v. Aponte (Herbert), 2014 N.Y. Slip. Op. 24233, 45 Misc. 3d 29, 994 N.Y.S.2d 496 (N.Y. App. Term, 1st Dep't).

[31] N.Y. Pen. L. § 240.20(1).

Resisting Arrest

A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself.[32]

If you find that probable cause existed for any one of the crimes as I just described, then you must find in favor of the **Defendant Police Officer Santiago** *defendants* with respect to plaintiff's false arrest claim.  Keep in mind, you do not need to be unanimous as to which crime you find probable cause, only that you are unanimous that probable cause existed for any crime.[33]

b.    Excessive Force

Plaintiff also alleges that the defendants violated his Fourth Amendment rights by using excessive force during his arrest.  **The Fourth Amendment protects a plaintiff from being subjected to excessive force by a police officer both during an arrest[34] and while the plaintiff is in pre-arraignment detention[35].**  Defendants dispute plaintiff's version of events, and contend that their actions were not excessive.  Therefore, you must first determine whose version of events you believe.

In order to find for plaintiff on **his claim against a defendant officer of excessive force** *this claim*, you must find three (3) things: first, that he suffered a physical injury; second, that the injury suffered was proximately caused by the intentional actions or conduct of defendant, and no one else, directed at the plaintiff; and third, that the amount of force used was in excess of what a reasonable officer would have used under similar circumstances.

---

[32] N.Y. Pen. L. § 205.30.
[33] This paragraph has been adapted from the instructions given by the Hon. Judge Brian M. Cogan in Spero, 11 CV 4850 (BMC).
**[34] See Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010).**
**[35] See De Campoamor v. Horodecki, No. 95-2430, 1997 U.S. App. LEXIS 17432, at *4 (2d Cir. July 9, 1997); Powell v. Gardner, 891 F.2d 1039, 1044 (2d Cir. 1989).**

Even if you find that there was some forcible contact between the plaintiff and the defendants, that mere fact would not be sufficient by itself to demonstrate that the defendants violated the plaintiff's constitutional rights.[36] In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous. That means that "evil intentions" will not be considered excessive force if the force that was used was in fact reasonable.[37] In other words, a police officer's good intentions will not make an excessive use of force permissible, and his bad intentions will not make a reasonable use of force excessive.[38]

Every person has the right not to be subjected to excessive force by a law enforcement officer **while being arrested or while in pre-arraignment detention even if probable cause existed to arrest or charge that person**. On the other hand, an officer has the right to use such force as is necessary under a given set of circumstances. You must determine: 1) whether there was any force used against the plaintiff **by the defendant officer**; 2) if there was force used against the plaintiff, whether the force was used by the defendant **officer**; and 3) if the defendant **officer** used force against the plaintiff, whether the force was excessive. Force is excessive if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have applied under the same circumstances.[39] In determining whether the constitutional

---

[36] See Graham v. Connor, 490 U.S. 386, 396 (1989); Saucier v. Katz, 533 U.S. 194, 208 (2001); see also instructions given by Hon. Judge Robert P. Patterson in Butler v. Kibel, et al., 10 CV 7974 (S.D.N.Y. – delivered on February 17, 2012).

[37] See Graham, 490 U.S. at 397; Anderson v. Branen, 17 F.3d 552, 559 (2d Cir. 1994); Kash v. Honey, 38 Fed. Appx. 73, 76 (2d Cir. 2002).

[38] Adapted from the instructions given by Hon. Brian M. Cogan in Ivan Kimbrough v. Detective John R. Nixon, et al., 10 CV 1088 (E.D.N.Y.); see also instructions given by Hon. Judge Andrew L. Carter in Thomas v. City of New York, et al., 09 CV 3162 (S.D.N.Y. – delivered on July 5, 2012).

[39] Adapted from the instructions given by Hon. Judge Donald E. Walter in Rocky Williams v. City of New York, et al., 01 Civ. 4146 (EDNY).

line has been crossed, you must analyze the totality of the circumstances.[40]  In making this determination, you may take into account such factors as whether the plaintiff actively resisted arrest or attempted to evade arrest by flight,[41] **and whether the plaintiff posed an immediate threat to the safety to the defendant officer or other officers.[42]**  Although the severity of plaintiff's alleged injuries is not *determinative* **or dispositive as to whether excessive force can be used[43]**, it **can be considered in** *is relevant to the consideration of* whether there was force used and, if so, whether the alleged force was reasonable.

Now the Constitution must not be trivialized, the use of force is not uncommon or unusual in the course of restraining an individual.  Not every push or shove by a police officer constitutes excessive force, even if it may later seem unnecessary in the peace and quiet of this courtroom.[44]  Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest, and an officer cannot be held liable for every such incident.[45]

You must allow for the fact that police officers are forced to work in circumstances that are tense, uncertain and rapidly evolving.  They must make split-second judgments about their actions and about the amount of force that is necessary in a particular situation.[46]  The question is

---

[40] Plumhoff v. Rickard, 134 S. Ct. 2012, 2020 (2014) (citing Graham, 490 U.S. at 396).

[41] Taken from the instructions given by Hon. Paul A. Engelmayer in Diaz, 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

[42] **See Douglas v. City of New York, 730 Fed. Appx. 12, 16 (2d Cir. 2018).**  *Defendants contend that this factor is inapplicable to the facts and circumstances of this case and thus, should not be read to the jury.*

[43] **See Richardson v. Providence, 2011 U.S. Dist. LEXIS 94246, at \*7 (n. 3) (E.D.N.Y. Aug. 22, 2011) [citing Maxwell v. City of New York, 380 F.3d 106, 109-110 (2d Cir. 2004) and Robison v. Via, 821 F.2d 913, 923-924 (2d Cir. 1987)].**

[44] Graham, 490 U.S. at 396

[45] Adapted from the instructions given by Hon. Judge Barbara S. Jones in Pope v. Buttner, 10 CV 4118 (S.D.N.Y. – delivered March 7, 2012); and instructions given by Hon. Judge Andrew J. Peck in Tsesarskaya v. City of New York, *et al.*, 11 CV 4897 (S.D.N.Y. – delivered on June 13, 2012).

[46] Taken from the instructions given by the Hon. Judge Tucker L. Melançon in Fryar v. Zhen, *et al.*, 10 CV 5879 (E.D.N.Y. – delivered on September 21, 2011).

only whether the officer's actions are objectively reasonable in light of all the facts and circumstances confronting him.  In this regard, you are not to decide if the least amount of force was used but rather you are only to decide if the force that was used, if any, was reasonable.[47]

Because police officers are often forced to make split second judgments about the amount of force that is necessary in a given situation, the "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.[48]  You are not to consider the officer's underlying intent or motivation.[49]  I also instruct you that negligence does not violate the Fourth Amendment. Therefore, you should not consider whether or not the police officer may have negligently or carelessly created an otherwise objectively reasonable need to use force.[50]

Defendants deny that they subjected the plaintiff to excessive force.  Therefore, you must first determine whether the plaintiff has proven by a preponderance of the evidence that the acts as alleged by him took place **by the particular defendant officer**.  If your answer~~s~~ ~~are~~ **is** no, then your deliberations for this claim **against the particular defendant officer** are over and you must bring back a verdict for the **defendant officer** ~~defendants~~ on this claim.  If your ~~answers~~ ~~are~~**answer is** yes, then in determining whether the acts of the defendants caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used was that which a reasonable officer would have employed under similar circumstances.

---

[47] Taken from the instructions given by the Hon. Judge Brian M. Cogan in <u>Gilliard v. Kibel</u>*, et al.*, 10 CV 5247 (E.D.N.Y. – delivered on January 5, 2012); <u>see also</u> instructions given by Hon. Judge Fredric Block in <u>Stanczyk v. City of New York</u>*, et al.*, 11 CV 0249 (E.D.N.Y. – delivered on March 19, 2013).

[48] <u>See</u> instructions given by Hon. Judge J. Paul Oetken in <u>Choi v. Murdocco</u>, 10 CV 6617 (S.D.N.Y. – delivered November 13, 2012).

[49] <u>Graham</u>, 490 U.S. at 396.

[50] <u>See</u> <u>Daniels v. William Sylvesters</u>, 474 U.S. 327 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986); <u>Coakley v. Jaffe</u>, 2000 U.S. App. LEXIS 26073, at *2 (2d Cir. 2000); <u>Solana v. New York City Dep't of Corr.</u>, 2012 U.S. Dist. LEXIS 161252, at *7 (E.D.N.Y. 2012) (ARR).

        c.       Failure to Intervene

In connection with his excessive force ~~claim~~**claims**, Plaintiff is also claiming that Sgt. O'Donohoe and Captain Komar **each** failed to intervene in the uses of excessive force against plaintiff **by other officers**.  Defendants deny that any officer used excessive force and thus argue that there was no need to intervene.  Defendants also argue that, if you find the force used by any officer was excessive, defendants Sgt. O'Donohoe and Captain Komar did not have a reasonable opportunity to intervene to prevent that **use of** force.

All law enforcement officials have an affirmative duty to intervene to protect the Constitutional rights of citizens from infringement by other law enforcement officials in their presence.  I instruct you that an officer who fails to intervene to prevent the use of excessive force is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know of the use of excessive force.

Before you can hold either Sgt. O'Donohoe or Captain Komar liable for failure to intervene, you must conclude that the following elements have been met:

First, that the plaintiff was subject**ed** to excessive force by another officer **or other officers**;

Second, that Sgt. O'Donohoe or Captain Komar observed those actions and **a reasonable person in the officer's position would know that plaintiff was being subjected to excessive force**~~knew they were unlawful~~;

Third, that Sgt. O'Donohoe or Captain Komar had a realistic opportunity to intervene, meaning that he had a realistic opportunity to prevent the harm from occurring in that he had sufficient time to intercede and a capability to prevent the harm; and

Fourth, that Sgt. O'Donohoe or Captain Komar failed to take reasonable steps to

**intervene**~~prevent the violation of the plaintiff's constitutional rights~~.

If you find that these four elements are satisfied, by a preponderance of the credible

evidence, then you must find Sgt. O'Donohoe or Captain Komar liable for any injuries that you

conclude were a proximate cause of the use of the force **by other officers that** you find to be

excessive.

### **d.    Supervisory Liability**[51]

**Also, in connection with his excessive force claims, Plaintiff is claiming that Sgt. O'Donohoe and Captain Komar were, as supervisors, liable for their subordinate officers' excessive force against plaintiff because they were personally involved in those subordinate officers' excessive force against plaintiff.**

**Under Section 1983, a supervisor is not liable for a subordinate's violation of a plaintiff's constitutional rights simply because he or she is that subordinate's supervisor.  In order to be liable for a subordinate's constitutional violations, the supervisor has to be personally involved in the subordinate's conduct.  Under Section 1983, personal involvement of a supervisory defendant may be shown by evidence that: (1) the supervisory defendant participated directly in the alleged constitutional violation, (2) the supervisory defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the supervisory defendant created a policy or custom under**

---

[51] *Defendants contend that the jury should not be charged on supervisory liability on plaintiff's federal section 1983 claim.  First, supervisory liability under section 1983 is not viable following the Supreme Court's holding in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  See, e.g., O'Hara v. City of New York, No. 17-CV-4766 (ILG), 2019 U.S. Dist. LEXIS 91551, at \*25 (E.D.N.Y. May 31, 2019) (citing to Iqbal and dismissing plaintiff's supervisory liability claim); Morgan v. Perez, No. 17-CV-1317 (MKB), 2017 U.S. Dist. LEXIS 89106, at \*8 (E.D.N.Y. June 9, 2017) (same). Further, all of the possible theories of supervisory liability articulated in Colon are either inapplicable to the facts of this case or are already covered by the excessive force and failure to intervene claims.  As such, this instruction would be overly confusing and/or duplicative.*

which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the supervisory defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the supervisory defendant exhibited deliberate indifference to the rights of the individual by failing to act on information indicating that unconstitutional acts were occurring.[52]  The plaintiff need not establish all of these modes of personal involvement by preponderance of the evidence.  Establishing one of these modes of personal involvement by the preponderance of the evidence is sufficient to hold O'Donohoe or Komar liable for any subordinate officers' excessive force.

However, before you consider the personal involvement of O'Donohoe or Komar, you have to consider whether the plaintiff has shown by a preponderance of the evidence that each of them had a supervisory relationship to the officers who perpetrated the excessive force.  That is one of the ways this type of claim is different from a failure to intervene claim.  In a failure to intervene claim, the plaintiff does not have to show a supervisor-subordinate relationship.

If you find that plaintiff demonstrated by a preponderance of the evidence a supervisor-subordinate relationship, you must then consider, just as with the failure to intervene claim, whether the plaintiff demonstrated by a preponderance of the evidence that the officers involved used excessive force against plaintiff.  If you find that the plaintiff has demonstrated same, you then consider whether plaintiff has shown by a preponderance of the evidence that the defendant supervisory officer was personally involved in at least one of the ways that I discussed.

---

[52] See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)

d.     First Amendment Retaliation

The plaintiff alleges that defendant O'Donohoe used excessive force **against the plaintiff** and **that both** defendant **O'Donohoe and defendant** Komar failed to intervene in others' use of excessive force in retaliation for plaintiff exercising his First Amendment **rights**~~right to free speech~~.  *If* you do not find that Sgt. O'Donohoe used excessive force **or failed to intervene in the use of excessive force against the plaintiff, then you do not need to deliberate any further on plaintiff's First Amendment claim against O'Donohoe.  If you do not find that Captain Komar** ~~and/or that Captain Komar~~ failed to intervene in the use of excessive force, then you do not need to deliberate any further on ~~this claim~~**plaintiff's First Amendment claim against Komar**.  If, however, you ~~did~~ **do** find **that O'Donohoe used excessive force or failed to intervene in the use of excessive force against the plaintiff**~~for plaintiff on one or both of those claims~~, then continue deliberating **plaintiff's First Amendment claim against O'Donohoe.  If you find that Komar used excessive force or failed to intervene in the use of excessive force against plaintiff, then continue deliberating plaintiff's First Amendment claim against Komar** ~~this claim~~.

In order to establish a claim for First Amendment retaliation, "a plaintiff must show that: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused to retaliate for Plaintiff exercising his First Amendment rights; and (3) the defendant's actions caused him some injury."[53]  The elements I have just listed are not merely factors to be considered in making your decision but rather requirements that must be met in order for you to find in favor of plaintiff.

---

[53] <u>Smith v. Campbell</u>, 782 F.3d 93, 100 (2d Cir. 2015).

**1.  First Element: Conduct Protected by the First Amendment**

To prove the first element, plaintiff must allege that he has engaged in speech protected by the First Amendment.  The test for determining whether conduct is sufficiently expressive to implicate the First Amendment is whether "an intent to convey a particularized message was present, and whether the likelihood was great that the message would be understood by those who viewed it.[54]  "It is possible to find some kernel of expression in almost every activity a person undertakes -- for example, walking down the street or meeting one's friends at a shopping mall -- but such a kernel is not sufficient to bring the activity within the protection of the First Amendment."[55]  Plaintiff "bears the burden of demonstrating that the First Amendment applies and that party must advance more than a mere 'plausible contention' that its conduct is expressive."[56]  **However, plaintiff does not necessarily have to speak words to convey a particularized message.  A plaintiff can convey a particularized message by in certain contexts refraining from speaking or responding at all.[57]**

*The second element requires a causal connection between the plaintiff's protected speech and a defendant's adverse action.  "Circumstantial evidence of retaliatory intent may supply the causal connection between a plaintiff's protected speech and a defendant's adverse action."[58]  To find a causal connection you must find that but for plaintiff's protected speech, the defendants would not have subjected him to some injury.[59]*

---

[54] <u>Smith v. Campbell</u>, 782 F.3d 93, 100 (2d Cir. 2015).
[55] <u>Dallas v. Stanglin</u>, 490 U.S. 19 (1989).
[56] <u>Church Am. Knights of the Ku Klux Klan v. Kerik</u>, 356 F.3d 197, 205 (2d Cir. 2004).
[57] **See Wooley v. Maynard, 430 U.S. 705, 714, 97 S. Ct. 1428, 51 L. Ed. 2d 752 (1977) (the First Amendment protects "both the right to speak freely and the right to refrain from speaking at all").**
[58] *Berg v. Kelly, 12-CV-3391 (TPG), 2016 WL 4257525, at \*4 (S.D.N.Y. Aug. 10, 2016).*
[59] *Weinstein v. Univ. of Conn., 676 Fed. App'x 42, 43 (2d Cir. Jan. 20, 2017).*

**2.      Second Element:  Causal Connection Between the Plaintiff's Protected Speech or Activity and the Defendant's Adverse Action**

The second element requires a causal connection between the plaintiff's protected speech or activity and a defendant's adverse action.  "Circumstantial evidence of retaliatory intent may supply the causal connection between a plaintiff's protected speech and a defendant's adverse action."[60]  To find a causal connection you must find that but for plaintiff's protected speech or activity, the defendants would not have subjected him to some injury.[61]

**3.      Third Element:        Causation of Injury**

As for the third element, plaintiff must prove that the defendant's actions caused him some injury.  This injury can be shown by demonstrating that plaintiff's speech or activity has been adversely affected by the government retaliation or that he has suffered some other concrete harm.[62]  In this case, plaintiff alleges that the concrete harm he suffered is physical injury.

The plaintiff must prove by a preponderance of the credible evidence ~~is~~ that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between a defendant's acts or omissions and an injury or damage sustained by the plaintiff.

A proximate cause need not always be the only cause either in time or space.  There may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.

---

[62] Dorsett v. County of Nassau, 732 F.3d 157, 160 (2d Cir. 2013).
[62] Dorsett v. County of Nassau, 732 F.3d 157, 160 (2d Cir. 2013).
[62] Dorsett v. County of Nassau, 732 F.3d 157, 160 (2d Cir. 2013).

**Put another way, a defendant is not liable if the plaintiff's injuries were caused by conduct independent of the defendant's acts or omissions or if such conduct produced a result which was not reasonably foreseeable to the defendant.**

*As for the third element, plaintiff must prove that the defendant's actions caused him some injury. This injury can be shown through either plaintiff's speech has been adversely affected by the government retaliation or that he has suffered some other concrete harm.[63] In this case, plaintiff alleges that the concrete harm he suffered is a physical injury.*

*In sum, if you find that plaintiff words were protected speech, which caused the defendants to take an adverse action against plaintiff, and plaintiff suffered a physical injury as a result, you must find that plaintiff has proven his First Amendment Retaliation claim. However, if you find that plaintiff has failed to prove by a preponderance of the credible evidence any one of those elements, you must find for defendants.*

**In sum, if you find that plaintiff's speech or activity was protected under the First Amendment and caused the defendants to take an adverse action against plaintiff, which in turn caused plaintiff suffered a physical injury, you must find that plaintiff has proven his First Amendment Retaliation claim. However, if you find that plaintiff has failed to prove by a preponderance of the credible evidence any one of those elements, you must find for defendants.**

---

[63] *Dorsett v. County of Nassau, 732 F.3d 157, 160 (2d Cir. 2013).*

**f.      False Imprisonment[64]**

**Plaintiff alleges that O'Donohoe and Komar also falsely imprisoned him by causing him to have to receive medical treatment, which in turn lengthened his imprisonment. Plaintiff alleges that O'Donahoe caused him to have to receive medical treatment by using excessive force against him, by being personally involved in subordinate officers' use of excessive force against him, and by failing to intervene in other officers' excessive force against him.  Plaintiff alleges that Komar caused him to have to receive medical treatment by being personally involved in subordinate officers' use of excessive force against him and by failing to intervene in other officers' excessive force against him.  If you find that the plaintiff has shown by a preponderance of the evidence that O'Donohoe used excessive force against the plaintiff or was personally involved in subordinate officers' excessive force against him or failed to intervene in other officers' excessive force against him, then you can continue to deliberate plaintiff's false imprisonment claim against O'Donohoe.  If you do not find that O'Donohoe did any of these things, then you can stop deliberating on the false imprisonment claim against him.  If you find that the plaintiff has shown by a preponderance of the evidence that Komar was personally involved in subordinate officers'**

---

[64] *Defendants contend that the jury should not be given this instruction as plaintiff's length of time in custody is part of plaintiff's damages for false arrest as opposed to a separate claim.  See Sorensen v. City of New York, 98 Civ. 3356 (HB), 98 Civ. 6725 (HB), 2000 U.S. Dist. LEXIS 15090, at \*35 (S.D.N.Y. Oct. 13, 2000) (finding that the Second Circuit held that a plaintiff who was detained for 36 hours prior to arraignment did not state a federal constitutional claim, but that did not diminish the plaintiff's right to pursue a common law right of recovery).  Even assuming arguendo the length of the Plaintiff's detention was unlawful, Plaintiff cannot recover damages in a civil action merely for an extended period of detention.  See Watson v. City of New York, 92 F.3d 31, 37 (2d Cir. 1996) ("We conclude that the district court erred in allowing the jury to award Watson damages pursuant to a private right of action implied from [violation of the state statute against excessive detention].").*

*If the Court, however, determines that it will charge the jury on this claim, Defendants can immediately supplement their proposal with an appropriate instruction.*

27

**excessive force against plaintiff or failed to intervene in other officers' excessive force against him, then you can continue to deliberate plaintiff's false imprisonment against Komar.  If you do not find that Komar did any of these things, then you can stop deliberating on the false imprisonment claim against him.**

**If you find that O'Donohoe or Komar did any of these things, then you must consider whether each one's acts or omissions were a proximate cause of the plaintiff receiving medical treatment.  If you find that they were a proximate cause, then you must find in favor of plaintiff on the false imprisonment claim.  If you find that they were not a proximate cause, then you must find in favor of the defendant officer.**

2. ~~Second Element of section 1983 claims:  Proximate Cause~~

~~The second element of a section 1983 claim, which the plaintiff must prove by a preponderance of the credible evidence is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between a defendant's acts or omissions and an injury or damage sustained by the plaintiff.~~

~~A proximate cause need not always be the only cause either in time or space.  There may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.~~

~~Put another way, a defendant is not liable if the plaintiff's injuries were caused by conduct independent of the defendant's acts or omissions or if such conduct produced a result which was not reasonably foreseeable to the defendant.~~

C.    Damages

If you find that the plaintiff has ~~proved~~**proven**, by a preponderance of the evidence, all of the elements of **a particular claim for relief**~~his claims for relief~~, you must then decide **whether** ~~if~~he suffered any injuries as a result of the violation of his rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages.  You should not reach the issue of damages **on a particular claim** unless you find that the plaintiff has **proven the claim**~~established liability on his claims~~.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability. It is for you alone to decide whether **each defendant is** ~~the defendants are~~liable to the plaintiff.

Should you decide that the plaintiff has ~~proved~~ **proven** a claim by a preponderance of the evidence, you must **first** consider awarding two types of damages: compensatory damages and nominal damages. I will explain the law concerning each of these types of damages to you.

1.    Multiple Claims and Defendants[65]

I have a few cautionary instructions before I define the types of damages you may award. You should not award compensatory damages more than once for the same injury. The plaintiff is only entitled to be made whole again, not to recover more than he lost.

In addition, to the extent that you find more than one defendant liable on a claim, you must make individualized determinations regarding whether damages will be awarded as to each defendant. The fact that damages may be appropriate with respect to one defendant does not mean that they are necessarily appropriate with respect to all defendants.

---

[65] Adapted from the Court's instructions given at the trial in Stephanie Dorceant, et al. v. Police Officer Salvator Aquino, 15-CV-7103 (ARR) (CLP), Docket Entry No. 76, and the Honorable James L. Cott's instructions given at the trial of Thomas Girbes-Pierce v. P.O. Craig Sikorski, et al., 16 Civ. 7510, on October 31, 2018.

**Furthermore, I have an instruction that is specific to the failure to intervene claims and supervisory liability claims against O'Donohoe and Komar.  With respect to O'Donohoe, if you find that other unnamed officers used excessive force but that their excessive force was not due to O'Donohoe's conduct, then you are to consider whether the plaintiff should be awarded damages for those other unnamed officers' conduct against plaintiff.  Similarly, with respect to Komar, if you find that the other unnamed officers used excessive force but that their excessive force was not due to Komar's conduct, then you are to consider whether the plaintiff should be awarded damages for those other unnamed officers' conduct against plaintiff.[66]**

    2.    Compensatory Damages[67]

If you return a verdict for the plaintiff, ~~then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of defendants.~~  **on a particular claim against a particular defendant, then you must consider whether to award the plaintiff compensatory damages.  This is not to say that you must award him compensatory damages, but you**

---

[66] **The purpose of this instruction is to address plaintiff's state law/respondeat superior claim against the City of New York.  Plaintiff may recover damages under state law against the City of New York for these unnamed officers' actions under the *respondeat superior/principal-agent* theory.**

*Defendants contend that this instruction should not be given and is confusing.  First, Plaintiff did not include the state law claims against the John Doe defendants in his portion of the Joint Pre-Trial Order.  (See Civil Docket Entry No. 74, at 2-3.)  As such, pursuant to Your Honor's Individual Rules, those claims are deemed to have been waived.  Furthermore, this instruction is confusing as it states that the jury may not find Defendants Komar and O'Donohoe liable, but nonetheless award damages on claims against these defendants for conduct of unnamed and/or John Doe indiviudals.*

[67] Unless otherwise cited, all paragraphs in this section, entitled "Compensatory Damages", were adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.1 (2005 Supplement).

**must consider whether he is entitled to compensatory damages based on the guidelines and law that I am about to give you.** *These damages are called compensatory damages.* The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that he has proven by a preponderance of the credible evidence **he sustained as a direct consequence of the conduct of the defendant**.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendants you have found liable. That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by a defendant, and that are a direct result of conduct by a defendant that was a violation of plaintiff's rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his rights at issue here. **However, if the plaintiff had a pre-existing injury, you** ~~You~~ may ~~, however,~~ compensate the plaintiff to the extent that you find that he was further injured by the defendant's violations of his rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

**An injury could include not only emotional, mental, and physical injuries, but also a loss of freedom and deprivation of liberty.**

**In addition to determining whether compensatory damages should be awarded to plaintiff on each claim against each defendant, if you find that the unnamed officers used excessive force against plaintiff but O'Donohoe's conduct or Komar's conduct is not responsible for it, as I stated earlier, you are to consider whether compensatory damages should be awarded to plaintiff for the unnamed officers' conduct.[68]**

3.    Nominal Damages

If you return a verdict in the plaintiff's favor on **a particular claim against a particular defendant** ~~his § 1983 claims~~ but find that he failed to meet his burden of proving, by a preponderance of the credible evidence, that he suffered any actual injuries, then you must return an award of damages in some nominal or token amount, not to exceed the sum of one dollar. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

---

[68] *Again, Defendants object to this instruction for the reasons stated above.*

Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.[69] Therefore, if you find that the plaintiff has suffered no injury as a result of a defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

**In addition to determining whether compensatory damages should be awarded to plaintiff on each claim against each defendant, if you find that the unnamed officers used excessive force against plaintiff but O'Donohoe's conduct or Komar's conduct is not responsible for it, as I stated earlier, you are to consider whether compensatory damages should be awarded to plaintiff for the unnamed officers' conduct.[70]**

4.     Punitive Damages[71]

Plaintiff also seeks punitive damages in this case. If plaintiff has proven by the preponderance of the evidence that a defendant is liable, then you **should also determine whether the plaintiff is entitled to punitive damages according to the guidelines and law I am about to give you** ~~may, but you are not required, to determine whether the plaintiff is entitled to punitive damages~~.

---

[69] <u>Smith v. Wade</u>, 461 U.S. 30, 52-56 (1983).

[70] *Defendants object to this instruction for the reasons stated above, and further state that it is improper to include a compensatory instruction in the nominal damages section.*

[71] *Defendants maintain that the jury should not be instructed on punitive damages at this time. Although Defendants contend that, after hearing the evidence, the Court will determine that no rational jury could find punitive damages against the defendants in this case, Defendants propose the following language on punitive damages should the Court find that the charge is necessary.*

In order to be entitled to punitive damages, you must find that the plaintiff has clearly established that the acts of the defendant causing the proven injury were **malicious**, wanton or showed a callous or reckless disregard for the rights of others. The purpose of punitive damages is to punish **malicious, wanton, or callous** ~~shocking~~ conduct and to set an example to deter others from the commission of similar **violations** ~~offenses~~ in the future.

However, punitive damages are not awarded as a matter of right but are awarded only if you find that plaintiff has **proven by a preponderance of the evidence** ~~clearly proven~~ that the defendant acted so outrageously and evidenced such a degree of malice or callousness that an example and deterrent needs to be provided to assure that the defendant and others will be less likely to engage in such conduct in the future.

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.[72]

5.    Taxes and Attorneys' Fees

If you do make an award of damages, such an award is not subject to federal or state income taxes and you should not consider such taxes in determining the amount of damages or increase the award for taxes. Also, you should not concern yourselves with what a plaintiff would have to pay his attorneys for fees or expenses in deciding damages

Damages: Final Word

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a

---

[72] _Smith v. Wade_, 461 U.S. 30, 52-56 (1983).

preponderance of the evidence by plaintiff in this case according to the instructions I have given to you.

### III. CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence. In a few minutes you will retire to the jury room for your deliberations. I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you. Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

A.    <u>Foreperson</u>

Traditionally, juror number one acts foreperson. In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but, of course, the foreperson's vote is not entitled to greater weight than that of any other juror.

B.    <u>Communication with the Court</u>

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the jury. No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than writing. I will not communicate with any member of the jury

on any subject touching on the merits of this case other than in writing or orally here in open court.

C.    <u>Requests for Trial Testimony</u>

If you wish to have some part of the testimony repeated, or to see any of the exhibits, you may make that request. If you request to see some or all of the exhibits, we will send them into the jury room for you or make them available to you here in open court. If you request to hear certain testimony or to see the trial transcript regarding any matter, I will call you into court and have the court reporter read those portions of the testimony to you or send responsive portions of the trial transcript into the jury room. You can have any of the testimony read back to you or made available to you in transcript form. I suggest, however, that you be specific in your requests so as to avoid hearing testimony or receiving portions of the trial transcript that you do not need to assist you in your deliberations.

D.    <u>Deliberations and Unanimous Verdict</u>

Your duty is to reach a fair conclusion from the law and the evidence. It is an important one. When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves. It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience. While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

During your deliberations, you must not communicate with, or provide any information to, anyone except yourselves about this case, You may not use any electronic device or media such as a telephone, cell phone, smartphone, iPhone, BlackBerry, or computer to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict, nor may you use the Internet or any Internet service or any text or instant message service, or website such as Facebook, LinkedIn, YouTube, or Twitter for those purposes.

You should not consult dictionaries or reference materials or use any other tool, electronic or traditional, to obtain information about the case or to help you decide the case.

In short, do not try to find any information about this case from any source outside what has been presented here at trial until I have accepted your verdict. To do otherwise would violate your oath as a juror.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong, However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In no communication with the court should you give a numerical count of where the jury stands in deliberations.

To assist you in reaching a verdict, I have prepared a verdict sheet for your use. Although I will provide each of you with a copy of the verdict form, your unanimous verdict must be recorded on the foreperson's verdict form. I will also provide each of you with a copy of these instructions. Please remember that you must follow these instructions as a whole, and you should not rely on any one portion in disregard of the remaining portions.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter. They and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and render a verdict.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be charged.

*****

Respectfully submitted,

Dated: August 1, 2019
New York, New York

KATHY A. POLIAS
*Attorney for Plaintiff*
68 Jay Street, Suite 201
Brooklyn, New York 11201
718-514-2062


By: _Kathy Polias_
Kathy A. Polias, Esq.

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street, Room 3-222
New York, New York 10007
(212) 356-5053


By: _John Garcia_
John L. Garcia
*Assistant Corporation Counsel*