UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

CZESLAW ZALEWSKI,                                 :
                                                  :
                              Plaintiff,          :          13-CV-7015 (ARR) (PK)
         -against-                                :
                                                  :          DRAFT JURY CHARGE,
                                                  :          December 23, 2019
POLICE OFFICER PETER JOHN SANTIAGO,               :
SERGEANT TERENCE O'DONOHOE, and CAPTAIN           :
KOMAR                                             :
                                                  :
                              Defendant.          X

---------------------------------------------------------------- 

**PART I: GENERAL INSTRUCTIONS** .................................................................... 2

  The Definition of Evidence ................................................................................ 3

  Direct and Circumstantial Evidence .................................................................. 4

  Witness Credibility ........................................................................................... 5

  Deposition Testimony ........................................................................................ 7

  Impeachment by Prior Inconsistent Statements ................................................ 7

  Law Enforcement Officer Witnesses ................................................................ 8

  No Sympathy or Bias ......................................................................................... 8

  Burden of Proof – Preponderance of the Evidence ........................................... 8

  Multiple Defendants .......................................................................................... 9

**PART II: SUBSTANTIVE LAW** ......................................................................... 10

  **A.  Section 1983** ............................................................................................ 10

   **First Element: Deprivation of a Constitutional Right** ............................... 10

      1.  False Arrest ........................................................................................ 12

      2.  Excessive Pre-Arraignment Detention ............................................... 14

      3.  Excessive Force .................................................................................. 15

      4.  Failure to Intervene ............................................................................ 17

      5.  First Amendment Retaliation .............................................................. 18

   **Second Element: Proximate Cause** ............................................................ 19

  **B.  Damages** .................................................................................................. 20

      1.  Multiple Claims and Multiple Defendants ......................................... 20

      2.  Compensatory Damages ..................................................................... 21

    3.    Nominal Damages ............................................................................ 22

    4.    Punitive Damages ............................................................................ 23

    5.    Attorneys' Fees .............................................................................. 24

**PART III: CLOSING INSTRUCTIONS** ............................................... 24

    Foreperson ...................................................................................... 25

    Communication with the Court ......................................................... 25

    Requests for Trial Testimony ............................................................ 25

    Deliberations and Unanimous Verdict .............................................. 26

ROSS, United States District Judge:

Ladies and Gentlemen of the jury, now that you have heard all the evidence in the case as well as the arguments of each side, it is my duty to instruct you as to the law applicable in this case. We are all grateful to you for the close attention you have given to this case. I ask that you give me that same careful attention as I give you these final instructions.

My instructions to you will proceed in three parts:

<u>First</u>, I will instruct you regarding the general rules that define and govern the duties of a jury in a civil case such as this;

<u>Second</u>, I will instruct you as to the legal elements of plaintiff's claims; and

<u>Third</u>, I will give you some general rules regarding your deliberations.

## PART I: GENERAL INSTRUCTIONS

Let me start by restating our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all the evidence in this case. You are the sole judges of the facts and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My job is to instruct you on the law. You must apply the law, in accordance with my instructions, to the facts as you find them. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

If any of the lawyers have stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. You should not single out any one instruction alone as stating the law, but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case. You should not consider anything I have said or done in the course of the trial, including these instructions, as expressing any opinion about the facts or the merits of this case. For example, on occasion, I may have asked questions of a witness. You should attach no special significance to these questions because they were asked by me.

**The Definition of Evidence**

You must determine the facts in this case based solely on the evidence presented or those inferences which can reasonably be drawn from the evidence. Evidence has been presented to you in the form of sworn testimony from the witnesses and exhibits that have been received in evidence by me. When the attorneys on both sides "stipulate," that is, agree to the existence of a fact, you the jury may accept the stipulation and consider the fact as proven.

Some evidence has been received for a limited purpose only, and when I have given you a limiting instruction as to such evidence, you must follow that instruction.

There are certain things that are not evidence and are to be entirely disregarded by you in deciding what the facts are: arguments, statements, or summations by the lawyers; objections to the questions or to the offered exhibits; and any testimony that has been excluded, stricken, or that you have been instructed to disregard. Those are not evidence.

Some of the exhibits that have been admitted as evidence contain dark blocks indicating that information that had been on the document has been deleted. We call such a deletion from a document a redaction. All of these redactions have been done at the court's direction. You are not to consider what the redacted portions of the documents might have said or attach any significance at all to the redaction. Most importantly, you are not to draw any inference for or against any party from the fact that I have ordered that a document be redacted.

### **Direct and Circumstantial Evidence**

There are, generally speaking, two types of evidence: direct and circumstantial. You may use both types of evidence in reaching your verdict in this case. There is no distinction between the weight to be given to these two types of evidence. You must base your verdict on a reasonable assessment of ALL the evidence in the case.

Direct evidence is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard.

The other type of evidence—circumstantial evidence—is proof of a chain of circumstances that point to the existence or nonexistence of certain facts. A simple example of circumstantial evidence would be as follows: Suppose you came to court on a day when the weather was clear, sunny, and dry. However, after several hours in the courtroom where there are

no windows, you observe a person come in wearing a wet raincoat and another person shaking a wet umbrella. Without you ever looking outside, you would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court, it rained outdoors. That is all there is to circumstantial evidence. On the basis of reason, experience, and common sense, you infer the existence or nonexistence of a fact from one or more established facts.

No significance should be attached to the fact that a document or other exhibit was introduced by one party rather than by the other. Any party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from witnesses or documents introduced by another party.

You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience. Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case. Use your common sense in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation.

There are times when differing inferences may be drawn from facts, whether proved by direct or circumstantial evidence. Plaintiff asks you to draw one. Defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

In deciding the factual issues presented in this case, the test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but rather which witnesses and evidence you find most accurate and trustworthy.

**Witness Credibility**

In deciding the facts in this case, you must consider all of the evidence that has been offered. In doing this, you must decide which testimony to believe and which testimony not to believe. You are the sole judges of credibility of the witnesses and the weight their testimony deserves. Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred. You may choose to disbelieve all or part of any witness's testimony. In making that decision, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear, and know about the events he or she described;

- the witness's ability to recall and describe those things;

- the witness's manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive or suspect in some way;

- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- the reasonableness of the witness's testimony in light of all of the other evidence in the case;

- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial;

- whether a witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

**Deposition Testimony [if applicable]**

Some of the testimony before you is in the form of deposition excerpts that have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adverse party under oath before a stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Impeachment by Prior Inconsistent Statements [if applicable]**

You may have heard evidence that at some earlier time a witness has said or done something which counsel has argued is inconsistent with the witness's testimony at trial.

Evidence of a prior inconsistent statement was placed before you for the purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**Law Enforcement Officer Witnesses**

In this case you have heard testimony of law enforcement officers. The testimony of these witnesses should be evaluated in the same manner as the testimony of any other witness. The fact that a witness is a law enforcement officer does not justify according that witness's testimony more or less credence than the testimony of any other person. You should evaluate the testimony of this witness in the same manner as you would the testimony of any other witness, using all of the tests of credibility that I have discussed with you.

**No Sympathy or Bias**

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice as to any party. All parties are equal before the law and are entitled to the same fair consideration. The court expects that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Burden of Proof – Preponderance of the Evidence**

In a civil action such as this, plaintiff, Czeslaw Zalewski, has the burden of proving each of the essential elements of his claims by a preponderance of the evidence. If the proof fails to establish any essential element of plaintiff's claims by a preponderance of the evidence, you should find for the defendant.

To establish a claim "by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is, more likely than not, true.

A preponderance of the evidence means the greater weight of the evidence. That does not mean the greater number of witnesses or the greater length of the time taken by either side. This determination is based on the quality and persuasiveness of the evidence—the weight and effect it has on your minds.

In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right, or that the evidence produced by the plaintiff, who has the burden of proof, is outweighed by evidence against his claims, then you must decide that issue against the plaintiff. That is because the plaintiff is the party who bears the burden of proof in this case, and the party bearing the burden must prove more than simply equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the plaintiff need not prove his claims by more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the plaintiff—that what he claims is more likely true than not true—then the element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

## **Multiple Defendants**

Although there are three defendants in this case, it does not follow that if one is liable, any other is liable as well. Each defendant is entitled to fair, separate, and individual consideration of the case without regard to your decision as to the other defendants.

## PART II: SUBSTANTIVE LAW

I will now turn to the second part of this charge and instruct you as to the legal elements of plaintiff's claims.

### A.  Section 1983

Plaintiff brings this case under a federal statute known as Section 1983 of Title 42 of the United States Code. In order to prove a claim under Section 1983, the plaintiff must establish, by a preponderance of the evidence, both of the following two elements.

First, that the defendant's conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

Second, that the defendant's conduct was the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I will now explain these elements in more detail.

**First Element: Deprivation of a Constitutional Right**

The first element of each of the plaintiff's claims against each defendant is that he was deprived of his constitutional rights by the defendant. In order for plaintiff to establish this element under Section 1983, he must prove three things by a preponderance of the evidence.

First, that the defendant committed or was personally involved in the acts alleged by the plaintiff.

Second, that those acts, as alleged by plaintiff, caused the plaintiff to suffer the loss of a right protected by the United States Constitution.

10

<u>Third</u>, that defendant acted intentionally or recklessly when performing those acts.

With regard to intent, it is not necessary to find that a defendant had any specific intent to deprive plaintiff of his constitutional rights in order to find in favor of the plaintiff. The plaintiff need only prove that a defendant intended the actions which resulted in the violation of the defendant's rights or that he acted recklessly in that regard. An act is intentional if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences.

The first thing for you to determine with respect to each claim against each defendant is whether the defendant committed the acts that plaintiff alleges he committed.  If you find that plaintiff has failed to prove by a preponderance of the credible evidence that the defendant committed the acts that plaintiff alleges he committed, you must find in favor of the defendants on that claim.

If you determine that a defendant committed the act that plaintiff alleges he committed, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

In this case, the plaintiff has brought the following claims against the defendants Police Officer Peter John Santiago, Sergeant Terence O'Donohoe, and Captain Stefan Komar:

1)  False Arrest against Officer Santiago;

2)  False Imprisonment against Sgt. O'Donohoe and Captain Komar;

3)  Excessive Force by Officer Santiago and Sgt. O'Donohoe;

4)  Failure to Intervene by Captain Komar in excessive force by other officers; and

5)  First Amendment Retaliation by Sgt. O'Donohoe and Captain Komar.

I will now explain to you each of these claims in more detail.

1. *False Arrest*

Plaintiff alleges that he was falsely arrested by Officer Santiago. A person is falsely arrested if he is detained without probable cause. A false arrest is a violation of a person's right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures. Defendant denies this claim and asserts that there was probable cause to arrest plaintiff.

You must determine whether the plaintiff had probable cause to arrest the plaintiff. Probable cause exists when, based on the totality of circumstances, an officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to persuade an officer of reasonable caution to believe that an offense has been or is being committed by the person to be arrested.

The defendant bears the burden of proving that there was probable cause to arrest plaintiff. As I mentioned earlier, a plaintiff ordinarily bears the burden of proving his claims, but this is an important exception. With respect to plaintiff's false arrest claim, the defendant must prove by a preponderance of the evidence that he had probable cause to arrest plaintiff.

Probable cause is measured by determining the knowledge of the arresting officer at the time of the arrest. When determining whether probable cause existed, you must examine the totality of the circumstances and consider only those facts that were actually available to the defendant, or that could have been perceived by the defendant at the time of the arrest.

An officer must have more than a suspicion that a plaintiff has committed an offense, but he does not need to have evidence that would be sufficient to support a conviction. An arrest made with probable cause is lawful even if the plaintiff did not actually commit the offense. It does not matter whether the plaintiff actually violated the law. Actual guilt or innocence is irrelevant to the determination of probable cause. Instead, probable cause requires there to have

12

been an objectively reasonable probability of commission of an offense at the moment of the arrest. Probable cause does not require an officer to be certain that subsequent prosecution of the arrestee will be successful, or even that such a prosecution will occur. Thus, the ultimate disposition of the charge against plaintiff, whatever it may have been, is irrelevant to this question. All probable cause requires is a reasonable, good faith belief that an offense has been or is being committed by the person arrested for the offense.

You may not consider the underlying intent or motive of the defendant. Intent and motive are not elements of probable cause. An officer who acts with evil intentions, but has probable cause under the circumstances, is not liable for false arrest. Conversely, an officer who acts with good intentions, but does not have probable cause under the circumstances, can be liable for false arrest.

It is not necessary that the officer had probable cause to arrest plaintiff for the offense with which he eventually charged the plaintiff, so long as the officer had probable cause to arrest plaintiff for any offense. An arrest made with probable cause for any offense – whether charged or not – is lawful.

Defendants assert that probable cause existed to arrest plaintiff for the public urination. The antilittering provision of the New York City Health Code makes it unlawful to "throw or put any . . . noxious liquid . . . [or] allow any such matter to run or fall into any street [or] public place . . . ." In other words, it is unlawful to urinate on any street or public sidewalk in New York City.

If you find that probable cause existed for public urination as I just described, then you must find in favor of the Defendant Police Officer Santiago with respect to plaintiff's false arrest claim. On the other hand, if you find that the defendant has not proved the existence of probable

cause to arrest plaintiff, then you must consider the second element of plaintiff's claim, proximate cause, which I will explain later.

### 2.  *Excessive Pre-Arraignment Detention*

If you find that plaintiff was falsely arrested, you need not make a determination as to whether he was subject to excessive detention, as a finding of false arrest necessarily means that the entire period of detention was unconstitutional. But if you find that the plaintiff was not falsely arrested, you must consider whether he was nonetheless subject to excessive detention.

Plaintiff claims that defendants O'Donohoe and Komar caused plaintiff to be detained for more than 48 hours without any judicial hearing to determine whether there was probable cause to arrest him, in violation of the Fourth Amendment. The Fourth Amendment prohibits unreasonable seizures by the government. This includes detaining a person for an unreasonable amount of time before an arraignment. An "arraignment" is a hearing in which an arrestee appears before a magistrate who determines whether there is probable cause to believe that the arestee committed a crime. When an arrestee is held for a period greater than 48 hours before an arraignment, that period of detention is considered an unreasonable amount of time unless the defendants are able to demonstrate that there was a bona fide emergency or other extraordinary circumstance which prevented the arrestee from being arraigned within 48 hours.

In this case, the parties agree that the plaintiff was held for almost 89 hours from the time he was arrested until his arraignment. Thus, the burden is on the defendants to demonstrate by a preponderance of the evidence that there was a bona fide emergency or other extraordinary circumstance which caused the delay. Examples of circumstances that do not meet this standard include delays caused by paperwork or logistical problems.

If you find that the defendant has demonstrated a bona fide emergency or other extraordinary circumstance, you must find for the defendants. If you find that the defendants have not demonstrated a bona fide emergency or other extraordinary circumstance, then you must consider the second element of plaintiff's claim, which is whether Sargent O'Donohoe and/or Captain Komar's conduct was the proximate cause of the delayed arraignment and plaintiff's consequent injuries, if any. I will explain proximate cause later in these instructions.

### 3. Excessive Force

Plaintiff also alleges that the Officer Santiago violated his Fourth Amendment rights by using excessive force during his arrest, and that Sergeant O'Donohoe violated his Fourth Amendment rights by using excessive force during plaintiff's pre-arraignment detention. The Fourth Amendment protects a plaintiff from being subjected to excessive force by a police officer both during an arrest and while the plaintiff is in pre-arraignment detention.  As to Officer Santiago, defendants contend that his actions were not excessive. As to Officer O'Donohoe, defendants contend that he did not use any force.

In a case such as this, where the parties' factual contentions are disputed, you must determine: (1) whether there was any force used against the plaintiff; (2) if there was force used against the plaintiff, whether the force was used by the defendant; and (3) if the defendant used force against the plaintiff, whether the force was excessive in light of the facts and circumstances confronting the officer.

Every person has the right not to be subjected to excessive force by a law enforcement officer while being arrested or while in pre-arraignment detention even if probable cause existed to arrest or charge that person.  On the other hand, an officer has the right to use such force as is necessary under a given set of circumstances.

15

To determine whether Officer Santiago or Sergeant O'Donohoe subjected plaintiff to excessive force, you must determine whether the amount of force used was that which a reasonable police officer would have employed under similar circumstances. In making this determination, you may take into account such factors as the severity of the crime alleged, whether plaintiff posed an immediate threat to the safety of the defendant or others, the relationship between the need for the use of force and the amount of force used, the extent of plaintiff's injury, any effort made by the defendant to limit the amount of force, the threat reasonably perceived by the officer, and whether the plaintiff was actively resisting or evading arrest. These are not the only factors that you may consider; these are just examples of the types of objective circumstances potentially relevant to your determination of excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene. You are not to judge the defendant's conduct with the 20/20 vision of hindsight. Not every push or shove by a police officer constitutes excessive force and a constitutional deprivation. The severity of any injury that plaintiff sustained may or may not indicate that the force used was excessive. Minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest, and an officer cannot be held liable merely because the arrestee sustained such injuries. You must allow for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.  In this regard, you do not have to determine whether there were less intrusive alternatives, but rather you are to decide whether the defendant acted within the range of conduct that was reasonable.

The determination of whether force is reasonable is an objective one: the question is whether the officer's actions are "objectively reasonable" in light of the facts and circumstances

16

confronting him, without regard to his underlying intent or motivation. In other words, an officer's good intentions will not make an excessive use of force permissible, and an officer's bad intentions will not make a reasonable use of force excessive.

If you find that the force used was reasonable, then you must find for the defendants on this claim. If you find that force was used and the amount of force was greater than a reasonable officer would have employed given the circumstances, then you must go on to consider the second element of the claim, proximate cause.

4. *Failure to Intervene*

Plaintiff is also claiming that Captain Komar failed to intervene in the use of excessive force against plaintiff by other officers. Defendant denies that any officer used excessive force and thus argues that there was no need to intervene. Defendant also argues that, if you find the force used by any officer was excessive, Captain Komar did not have a reasonable opportunity to intervene to prevent that use of force

All law enforcement officers have an affirmative duty to intervene to protect the Constitutional rights of citizens from infringement by other law enforcement officials in their presence. An officer who fails to intervene is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a constitutional right is being violated, and that officer has a realistic opportunity to stop the violation. A realistic opportunity means that the defendant had sufficient time to intercede and a capacity to prevent the harm.

Thus, for the plaintiff to succeed on his failure to intervene claim against the defendant, he must prove, by a preponderance of the evidence, each of the following elements:

First, that a law enforcement officer violated the plaintiff's rights by subjecting him to excessive force;

Second, that Captain Komar knew of or observed the excessive force;

Third, that Captain Komar had a realistic opportunity to prevent the excessive force.; and

Fourth, that Captain Komar failed to take reasonable measures to stop the excessive force.

If you find that these elements are not met, you must find for defendant Komar on this claim. If you find that plaintiff has proved that Komar failed to intervene to prevent the use of excessive force, then you must still consider whether the plaintiff has proved proximate cause, which I will explain later in these instructions.

### 5. *First Amendment Retaliation*

The plaintiff alleges that defendant O'Donohoe used excessive force against the plaintiff in retaliation for plaintiff's exercise of his First Amendment free speech rights. Plaintiff also alleges that defendant Komar failed to intervene in others' use of excessive force in retaliation for plaintiff's speech. If you find that Sergeant O'Donohoe did not use excessive force, then you do not need to deliberate any further on plaintiff's First Amendment claim against O'Donohoe, and should record on your verdict sheet that plaintiff's First Amendment claim against O'Donohoe has not been proven. If you find that Captain Komar did not fail to intervene in the use of excessive force, then you do not need to deliberate any further on plaintiff's First Amendment claim against Komar, and should record on your verdict sheet that plaintiff's First Amendment claim against Komar has not been proven. If, however, you do find that O'Donohoe used excessive force against the plaintiff, you must proceed to determine whether O'Donohoe did so in retaliation for plaintiff's exercise of his First Amendment rights. If you find that Komar

failed to intervene in the use of excessive force against plaintiff, you must proceed to determine whether Komar did so in retaliation for plaintiff's exercise of his First Amendment rights.

In order to establish a claim for First Amendment retaliation, a plaintiff must show that he has exercised a right protected by the First Amendment and that the defendant's actions were motivated or substantially caused by the plaintiff's exercise of that right. The parties agree that plaintiff's statements to police officers are speech protected by the First Amendment. You must determine whether plaintiff's statements were a motivating factor or substantial cause of O'Donohoe's decision to use excessive force against plaintiff, or Komar's decision to not intervene in the use of excessive force against plaintiff. Circumstantial evidence of retaliatory intent can be used to make this determination.

If you find that O'Donohoe or Komar's actions were not motivated or substantially caused by plaintiff's speech, you must find in favour of that defendant with respect to plaintiff's First Amendment claim. On the other hand, if you find that either defendant's actions were motivated or substantially caused by plaintiff's speech, then you must consider the second element of plaintiff's claim of First Amendment retaliation, proximate cause, on which I will now instruct you.

**Second Element: Proximate Cause**

The second element that plaintiff must prove to prevail on each of his five different Section 1983 claim is that the defendant's acts were a proximate cause of the injuries plaintiff sustained. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's acts. If an injury was a direct result or a reasonably probable consequence of the defendant's act, it was proximately caused by that act.

19

To recover damages for any injury, the plaintiff must show by a preponderance of the evidence that the conduct of the defendants played a substantial role in bringing about his injury. There may be more than one proximate cause of an injury or damage.

**B.  Damages**

Now I will instruct you as to the proper measure of damages.  The fact that I am giving you instructions on damages is not an indication of my view as to which party you should find for in the case; nor does it mean that I have any opinion as to liability one way or the other. I am giving you instructions as to the measure of damages only for your guidance in the event that you find in favor of plaintiff in accordance with the other instructions I have given you.

Thus, if you find that the plaintiff has satisfied his burden of proving the elements of any of his claims by a preponderance of the evidence, then it is your role to determine an amount that compensates the plaintiff for any injuries he suffered related to those claims. The damages that you award must be fair compensation, no more and no less.

In determining the amount of damages, if any, that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You may not award damages based on sympathy or speculation. On the other hand, the law does not require that the plaintiffs prove the amount of their damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**1.  Multiple Claims and Multiple Defendants**

You should not award compensatory damages more than once for the same injury. For example, if plaintiff was to prevail on two claims and establish a one dollar injury, you could not

award him one dollar compensatory damages on each claim—he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries. With respect to punitive damages, on which I will instruct you momentarily, you may make separate awards on each claim established.

In addition, to the extent that you find more than one defendant liable on a claim, you must make individualized determinations regarding whether and to what extent damages will be awarded as to each defendant. The fact that damages may be appropriate with respect to one defendant does not mean that they are necessarily appropriate with respect to another defendant.

If you find that the plaintiff has met his burden of proving a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and punitive damages. I will now explain each of these two types of damages to you.

### 2. Compensatory Damages

The purpose of the law of damages is to award, as far as possible, just an fair compensation for the loss, if any, which resulted from defendants' violation of plaintiff's rights. These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him for the damages he suffered. Compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for his loss of liberty, actual physical injuries, including pain and suffering, as well as any emotional distress, including mental anguish, shock, and discomfort, caused by a defendant's conduct.

If you find that plaintiff proved by a preponderance of the evidence that he was falsely arrested or subjected to excessive detention, he is entitled to compensatory damages for his loss

of liberty. You are not permitted to award zero compensatory damages for loss of liberty to the plaintiffs—the deprivation of liberty inherent in those claims entitles him to some amount of compensation. It is your role to determine the amount. The damages that you award must be fair and reasonable, neither inadequate nor excessive.

There is no claim in this case that the plaintiff sustained any loss of income or other economic loss. So, in calculating compensatory damages, you may not include any amount for such losses.

If you find that plaintiff has proven any of his claims by a preponderance of the evidence, then plaintiff is entitled to an amount you believe will fairly and justly compensate him for any injury you believe he actually sustained as a proximate result of defendants' misconduct.

You may award compensatory damages only for injuries that plaintiff proves were proximately caused by a defendant's wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that plaintiff has actually suffered.

In all instances, as I stated previously, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

### 3.  Nominal Damages

As I indicated, if you return a verdict for plaintiff on his false arrest or excessive detention claims, you must award compensatory damages for his loss of liberty. However, if you return a verdict for plaintiff on his excessive force, failure to intervene, or First Amendment retaliation claims, but find that he failed to meet his burden of proving, by a preponderance of the credible evidence, that he suffered any actual injury as a result of one of these constitutional

violations, then you must return an award of damages in some nominal amount, not to exceed the sum of one dollar. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury. However, you should not award nominal damages because it is too difficult to calculate an appropriate amount of compensatory damages.

### 4. Punitive Damages

Plaintiff also seeks punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award plaintiff punitive damages if you find that plaintiff has proven by a preponderance of the evidence that defendant's acts were done maliciously or wantonly. An act or omission is done maliciously if it is prompted by ill will or spite toward the injured person. An act is done wantonly if it is done with a reckless or callous disregard for the rights of the injured person or when it demonstrates conscious indifference and utter disregard for the effect of his act upon the health, safety, and rights of others.

It is the plaintiff's burden to prove, by a preponderance of the evidence, that the defendant you are considering acted maliciously or wantonly. If you find that plaintiff has met this burden, then you may decide to award punitive damages, or you may decide not to award them. In making this determination, you should consider the underlying purposes of punitive damages, which, as I have said, is to punish the defendant you are considering for outrageous conduct or to deter others from behaving similarly in the future, and whether compensatory damages alone provide the requisite punishment or deterrent effect.

If you decide to award punitive damages, you should keep the same purposes in mind as you determine the appropriate sum to be awarded. In other words, you should consider the degree to which the defendant or defendants should be punished for the wrongful conduct, and the degree to which an award of one sum or another will deter other persons from committing such wrongful conduct in the future. The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by the plaintiff and to the compensatory damages you have determined to be appropriate. The reprehensibility of the defendant or defendants' conduct is an important factor in deciding the amount of punitive damages.

If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purposes of punitive damages. You may impose punitive damages against one or more defendant, or against more than one defendant in different amounts.

### 5.  Attorneys' Fees

Additionally, federal law provides for a separate award of attorneys' fees should the plaintiff prevail in this case. The award of attorneys' fees in such circumstances is a matter to be determined by the Court. Accordingly, if you award any damages to the plaintiff, you should not take into consideration the fees that the plaintiff may have to pay his attorneys.

### PART III: CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by

a preponderance of the evidence. In a few minutes you will retire to the jury room for your deliberations. I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you. Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

### Foreperson

Traditionally, juror number one acts foreperson. In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but, of course, the foreperson's vote is not entitled to greater weight than that of any other juror.

### Communication with the Court

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the jury. No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than writing. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.

### Requests for Trial Testimony

If you wish to have some part of the testimony repeated, or to see any of the exhibits, you may make that request. If you request to see some or all of the exhibits, we will send them into the jury room for you or make them available to you here in open court. If you request to hear

certain testimony or to see the trial transcript regarding any matter, I will call you into court and

have the court reporter read those portions of the testimony to you or send responsive portions of

the trial transcript into the jury room. You can have any of the testimony read back to you or

made available to you in transcript form. I suggest, however, that you be specific in your

requests so as to avoid hearing testimony or receiving portions of the trial transcript that you do

not need to assist you in your deliberations.

### **Deliberations and Unanimous Verdict**

During your deliberations, you must not communicate with, or provide any information

to, anyone except yourselves about this case. You may not use any electronic device or media

such as a telephone, cell phone, smartphone, iPhone, BlackBerry, or computer to communicate to

anyone any information about this case or to conduct any research about this case until I accept

your verdict, nor may you use the Internet or any Internet service or any text or instant message

service, or website such as Facebook, LinkedIn, YouTube, or Twitter for those purposes.

Your duty is to reach a fair conclusion from the law and the evidence. It is an important

one. When you are in the jury room, listen to each other, and discuss the evidence and issues in

the case amongst yourselves. It is the duty of each of you, as jurors, to consult with one another,

and to deliberate with a view toward reaching agreement on a verdict, if you can do so without

violating your individual judgment and conscience. While you should not surrender

conscientious convictions of what the truth is and of the weight and effect of the evidence, and

while each of you must decide the case for yourself and not merely acquiesce in the conclusion

of your fellow jurors, you should examine the issues and the evidence before you with candor

and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not consult dictionaries or reference materials or use any other tool, electronic or traditional, to obtain information about the case or to help you decide the case.

In short, do not try to find any information about this case from any source outside what has been presented here at trial until I have accepted your verdict. To do otherwise would violate your oath as a juror.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong. However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate what the verdict is. In no communication with the court should you give a numerical count of where the jury stands in deliberations.

To assist you in reaching a verdict, I have prepared a verdict sheet for your use. Although I will provide each of you with a copy of the verdict form, your unanimous verdict must be recorded on the foreperson's verdict form. I will also provide each of you with a copy of these instructions. Please remember that you must follow these instructions as a whole, and you should not rely on any one portion in disregard of the remaining portions.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter. They and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. By so doing, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and render a verdict.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be charged.