

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**Brian Zapert**
Senior Counsel
phone: (212) 356-2354
bzapert@law.nyc.gov

January 7, 2020

**VIA ECF**
Honorable Allyne R. Ross
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  Czeslaw Zalewski v. City of New York, et al.
              13 CV 7015 (ARR) (PK)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to represent Defendants Police Officer Peter John Santiago, Sergeant Terence O'Donohoe, and Captain Komar in the above-referenced matter.

        We write to the court seeking an additional jury instruction, specifically an adverse inference instruction based on plaintiff's failure to preserve and produce the photographs that his mother took that purportedly showed the visible physical injuries. Plaintiff testified that his mother took photographs of his alleged injuries the day that he was released from police custody. Plaintiff testified that the photographs existed and testified three times: "Maybe I'll bring them tomorrow." Plaintiff's mother later testified that she had deleted the photographs, but could not say when that happened.

        The seminal case on spoliation of evidence is Zubulake v UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) which states three prongs that must be satisfied in order for a party to be sanctioned for spoliation of evidence: 1) The party must knew or should have known it had a duty to preserve the evidence in question 2) The party must have had a culpable state of mind in deleting or losing the evidence 3) The lost or deleted evidence is relevant and that it's production would help Defendant's case.

        The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation Zubulake v UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y. 2003). Plaintiff should have reasonably anticipated litigation from the date he was detained by the police,

September 10, 2012. The evidence in this case established that plaintiff told staff at Woodhull Hospital on September 11, 2012 that he intended to file a lawsuit against the police for violating his civil rights. The alleged photographs were supposedly taken not long after plaintiff was released from police custody. Plaintiff undoubtedly knew that these alleged photographs would be relevant to future litigation and had a duty to preserve them at the time they were taken.

It is unclear when the plaintiff's alleged photographs were allegedly deleted. However, plaintiff repeatedly testified regarding the alleged photographs on January 6, 2020, "Maybe I will bring them tomorrow." This testimony indicates that insofar as he was aware, the photographs still existed at that time. Plaintiff had a duty to produce or at least preserve these photographs and plaintiff has breached that duty.

The second prong from Zubulake concerns the state of mind of the party who destroyed or lost the evidence in question. The party alleged to have lost or destroyed evidence need not have done so intentionally. The "culpable state of mind" factor is satisfied by a showing that the evidence was destroyed "knowingly, even if without intent to [breach a duty to preserve it], or *negligently*." Byrnie v. Town of Cromwell, 243 F.3d 93, 109 (2d Cir. 2001) Here, taking the testimony in the light most favorable to the plaintiff, plaintiff's behavior was grossly negligent. Plaintiff's alleged loss of the evidence could also be described as reckless.

The third prong in seeking sanctions for spoliation, the party seeking sanctions must also establish that the destroyed evidence was "'relevant to the party's claim'" insomuch "that a reasonable trier of fact could find" that the evidence would have supported the claim. Residential Funding Corp v. DeGeorge Fin. Corp. 306 F.3d 99 at 107. However, when evidence is intentionally or willfully destroyed or is destroyed in bad faith, then that fact alone satisfies the relevance requirement. Zubulake, 220 F.R.D. at 220. Conversely, when evidence is negligently destroyed, the party seeking the spoliations sanctions must prove its relevance. Id. Under these circumstances, "[c]ourts must take care not to 'hold[ ] the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed [or unavailable] evidence,' because doing so 'would subvert the ... purposes of the adverse inference, and would allow parties who have ... destroyed evidence to profit from that destruction." Residential Funding Corp., 306 F.3d at 109 (quoting Kronisch v. United States, 150 F.3d 112 at 127; Byrnie, 243 F.3d at 110). The relevancy of the destroyed evidence can be shown through extrinsic evidence that shows that the missing evidence likely would have been favorable to the moving party. See Treppe v. Biovail Corp., 249 F.R.D. Ill, 122 (S.D.N.Y. 2008).

The evidence available in this case shows that the missing evidence would have been favorable to the defendants. Plaintiff's medical records from his multiple trips to the hospital repeatedly state that plaintiff had no visible injuries. It follows that any pictures that were taken of plaintiff would also show no injuries.

Finally, the Court should consider a mandatory adverse inference instruction to the jury regarding the destroyed and unavailable evidence. The basis of an adverse inference charge is to serve two fundamental purposes, remediation and punishment. See Donato v. Fitzgibbons, 172 F.R.D. 75, 81 (S.D.N.Y. 1997); (citing Shaffer v. RWP Grp., Inc., 169 F.R.D. 19, 25 (E.D.N.Y. 1996); Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 73 (S.D.N.Y. 1991)). When a party

is seeking an adverse inference, as with any spoliation sanction, the party must establish the three factors set forth in Residential Funding Corp. v. DeGeorge Fin. Corp. 306 F.3d at 107. Due to plaintiff's duty and failure to preserve, his willful intentions, and the degree of relevancy that the lost evidence possessed, this case satisfies all three elements. Therefore, the Court should, at a minimum, exercise its discretion permit an adverse instruction due to the spoliation of evidence.

Before issuing an adverse inference instruction, a court must make "factual determination(s) that would warrant giving" such an instruction, and the ultimate decision always "lie[s] within the discretion of the court." DeCastro v. Kavadia, 309 F.R.D. 167, 182 (S.D.N.Y. 2015); see also Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 436 (2d Cir. 2001) ("The determination of an appropriate sanction for spoliation, if any, is confined to the sound discretion of the trial judge."). Even a permissive adverse inference instruction is a severe remedy, as it informs the jury of a party's potential misconduct, which "may be difficult for the sanctioned party to overcome." DeCastro, 309 F.R.D. at 182.

Here, at trial, it was demonstrated beyond dispute that plaintiff's mother had taken photographs of plaintiff's visible physical injuries on her camera, that she reviewed those photographs with plaintiff, and that she kept these photographs on her camera for a "long time." In the latter regard, plaintiff himself testified in 2013 and 2015, long after this action was commenced, that these photographs were at his home, and indeed, at trial, he testified that he still had these photographs and was prepared to bring these photographs in the next day (Tuesday). Thus, there is clear evidence that supporting defendants' contention that photographs were relevant, existed during the pendency of this action, and and that they were destroyed. Accordingly, this court should exercise its discretion and give this permissive adverse inference instruction with regard to the missing photographs.

Despite the fact that defendants believe that a mandatory adverse inference is warranted here, defendants hereby request that the jury be given a permissive adverse inference charge as follows (charge based on the one given by the District Court in Mali v. Fed. Ins. Co., 720 F.3d 387, 391 (2d Cir. 2013)):

<u>Spoliation of Evidence Charge/ Permissive Adverse Inference</u>

In this case, evidence has been received which the defendants contend shows that photographs exist or existed of the plaintiff's alleged visible physical injuries, but no such photographs have been produced. If you find that the defendants have proven by a preponderance of the evidence, one, that the photographs exist or existed, two, that the photographs were in the exclusive possession of the plaintiff, and, three, that the non-production of the photographs has not been satisfactorily explained, then you may infer, though you are not required to do so, that if the photographs had been produced in court, they would have been

unfavorable to the plaintiff. You may give any such inference, whatever force or effect as you think is appropriate under all the facts and circumstances.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

Brian Zapert
*Assistant Corporation Counsel*
*Special Federal Litigation Division*

cc:  Kathy Polias, Esq. (by Email)
     *Attorney for Plaintiff*